22  251
62  542

22  251
84  290

## DUDNEY VS THE STATE.

It is not necessary to charge, in an indictment for keeping a common gaming house, that any particular game was played there, but having so charged the State was bound to prove the charge as made.

The court instructed the jury that they might assess the fine of the defendant, if guilty, to a greater amount than the law allowed—they assessed the fine at a less amount—the instruction was erroneous, but the defendant was not injured by it and cannot complain.

*Appeal from Lawrence Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

CAIN, for the appellant.

Even unnecessary allegations in an indictment must be proven as laid. 4 *Eng.* 195; 5 *Eng.* 259.

An erroneous instruction calculated to mislead the jury is ground for reversal. 6 *Eng.* 1 9; 16 *Ark.* 309.

HOLLOWELL, Attorney General, for the appellee

It was unnecessary to name the particular game played, and its averment may, therefore, be regarded as surplusage not requiring proof. *Vanderworker vs. State*, 13 *Ark.* 700; 18 *Ark.* 540.

Mr. Justice COMPTON delivered the opinion of the Court.

The appellant was convicted in the court below, and fined fifty dollars, for keeping a common gaming house; a motion for a new trial having been made and overruled, he appealed to this court.

The indictment charges that the appellant unlawfully did keep and maintain a certain common gaming house, and unlaw-

fully and wilfully did cause and procure divers idle and evil disposed persons to frequent said house and to play together at certain unlawful games at cards called pocre, upon which money was bet, ete. It was proven on the trial that divers persons had frequently met together, and engaged in card playing at the house of the appellant; but it was not shown in evidence that they played pocre; and this is one of the grounds relied on by the appellant in this court, for a reversal of the judgment.

It was not necessary to charge in the indictment, that any particular game was played, but having so charged, the State, according to the previous decisions of this court, was bound to prove the charge as made. *Hancy vs. The State* 4 *Eng.* 193; *Shover vs. The State* 5 *Eng.* 259. The principle decided in these cases is decisive of the question now presented; and in *Vanderworker vs. The State* 13 *Ark.* 702, which was an indictment for keeping a common gaming house, it was said: " In the allegation of what was transacted" (at the gaming house) " it would not be essential to specify what particular games the visitors engaged in while remaining there. The common law adjudges such an establishment to be *per se* a common nuisance, and in proceeding against any given house as a common nuisance, or against the keeper of it, it can only be necessary to allege such facts as will show it such in the eye of the law, and all particularity beyond that would be unnecessary and *encumber the prosecution.*"

The highest fine which the law imposes for the offence charged in the indictment is one hundred dollars; and consequently it was error to instruct the jury, that if they found the appellant guilty, they might assess his fine at any sum not exceeding two hundred and fifty dollars; but the jury having fined the appellant fifty dollars only, he was not injured by the error, and cannot complain.

The judgment, however, must be reversed, for the error first above indicated, and the cause remanded.