STARCHMAN *v*. STATE.

Opinion delivered July 8, 1896.

BURGLARY—EVIDENCE.—INSTRUMENTS OF CRIME.—On a trial for burg-
lary, where it appeared that a safe was drilled and opened by
means of an explosive, it was competent for the state to introduce
in evidence certain drills and punches capable of being used to
open the safe, which were found by officers on defendant's prem-
ises while they were searching for the stolen property under a
search warrant.

SAME—DESCRIPTION OF PROPERTY.—Where an indictment for burg-
lary charges a breaking and entering with intent to steal United
States two-cent postage stamps, the allegation as to the kind
of property intended to be stolen, being descriptive of the offense,
must be proved.

Appeal from Lawrence Circuit Court.

RICHARD H. POWELL, Judge.

STATEMENT BY THE COURT.

The defendant, Starchman, was indicted by the
grand jury of Lawrence county for the crime of burg-
lary. The indictment alleged that Starchman, "on the
15th day of March, 1895, in the county, district and
state aforesaid, and during the night time of said day,
the court-house in the town of Powhatan, then and there
situate, and owned and possessed by the county of Law-
rence, then and there wilfully, maliciously, feloniously,
and burglariously, did break and enter with felonious
and burglarious intent twenty-five hundred two-cent
United States postage stamps of the value of fifty dol-
lars, of the property of the United States, then and
there being in the possession and under the control of
one Geo. Wells, he being the postmaster of the post
office in the town of Powhatan, which said stamps were
by him deposited and kept in the safe of the treasurer of
said county, which safe was in the room or office of the

said treasurer in said court-house, then and there feloniously and burglariously to steal, take, and carry away, against the peace and dignity of the State of Arkansas."

On the trial, the State was allowed to introduce in evidence certain instruments found in defendant's house by officers while searching for postage stamps alleged to have been stolen. The other facts sufficiently appear in the opinion. Defendant was convicted, and judgment of imprisonment for a term of three years in the state penitentiary was rendered against him, from which he appealed.

*Jos. W. Phillips*, for appellant.

1. The evidence is not sufficient to sustain the conviction. 59 Ark. 52; 7 *id.* 468; 11 *id.* 463; 13 *id.* 567; 14 *id.* 420; 36 *id.* 131; 34 *id.* 640. There is no evidence of a *breaking*. 63 Ala. 143; 25 Neb. 780; 82 Ga. 441. Nor that it was done in the *night* time. 53 N. W. 1036; 59 Ark. 52; 8 Am. St. 495. There is a total want of evidence as to the intent to steal postage stamps, or of their value or denomination, etc. 49 Ark. 517. The place and intent, as well as the character of the felony intended to be committed, ought to be set out. 49 Ala. 25; Clark, Cr. Pro. p. 182.

2. The admission of defendant's personal property wrongfully taken from his house, over his objections, in evidence against himself, was prejudicial error. Const. art. 2, secs. 15, 8; 116 U. S. 616; 142 *id.* 547; 63 Ga. 669; 5 N. C. 259; 30 Am. Rep. 72; 4 Am. Cr. Rep. 183; 67 Ga. 76; 86 Ala. 610; 32 Am. St. 640; 41 *id.* 376; 132 Pa. St. 403.

*E. B. Kinsworthy*, Attorney General, for appellant.

1. While the evidence is not as satisfactory as it might be, yet it satisfied an impartial jury. There is some evidence to sustain the verdict. 24 Ark. 251; 40 Ark. 168; 27 *id.* 517; 46 *id.* 141; 47 *id.* 196.

2. There was no error in admitting the tools, etc., found in appellant's possession. Bish. Cr. Pro. (3 Ed.) sec. 151; 2 Cush. (Mass.) 582; 8 Gray (Mass.), 375; 7 N. Y. 445; 43 N. Y. 177; 33 Mo. 496; 39 Miss. 705; 29 Cal. 658; 64 Iowa, 39.

Competency of evidence.

RIDDICK, J., (after stating the facts). It was not error to allow witnesses on the part of the state to exhibit to the jury certain drills and punches found by them in the house of appellant, Starchman. It having been shown that the safe which was entered was opened by means of similar instruments in connection with an explosive substance, such evidence was proper as tending more or less to connect Starchman with the offense. *People* v. *Hope*, 62 Cal. 291; Rapalje on Larceny & Kindred Offenses, sec. 358.

In *Boyd* v. *United States*, 116 U. S. 616, cited by counsel for appellant, it was held that a defendant cannot be compelled to produce his private papers in order that they may be read in evidence against him upon a criminal prosecution, for the reason that to do so would, in effect, be compelling him to testify against himself. But that case has no application here, and rests on principles different from those controlling the admission of this evidence. No private papers of the defendant were introduced, and he was not compelled to produce the instruments offered in evidence in this case. These instruments were found by the officers while searching for stolen property, and it was proper for such officers to testify concerning any material fact discovered by them while making such search. This case is similar to the case of *State* v. *Flynn*, 36 N. H. 64, where it was held that "evidence obtained by means of a search warrant is not inadmissible either upon ground that it is in nature of admissions made under duress, or that it is evidence which the defendant has been compelled to fur-

nish against himself, or on the ground that the evidence has been unfairly or illegally obtained, even if it appears that the search warrant was illegally issued." If the drills introduced in evidence in this case were taken by the officers without authority, they may be forced to respond in damages for such wrongful act; but that question, not being before the court, could not be considered, and furnished no reason to exclude such evidence from the jury. *State* v. *Flynn*, 36 N. H. 64; *Commonwealth* v. *Dana*, 2 Met. (Mass.) 329; Bishop's New Crim. Pro. sec. 246.

While the court did not err in the admission of evidence, the contention that the verdict is without evidence to support it must be sustained. The indictment alleged *Description of property must be proved as laid.* that the defendant broke and entered the court-house with the intent to steal "twenty-five hundred two-cent United States postage stamps, of the value of fifty dollars, and the property of the United States." The evidence connecting defendant with the breaking and entering the house was altogether circumstantial, and to us not very convincing, but there is an entire absence of proof tending to show that such breaking and entering was with an intent to steal two-cent United States postage stamps. The only witness who refers to stamps in any way testified as follows: "I went before Wayland, justice of the peace, and swore out a search warrant to search Starchman's house for one hundred dollars worth of stamps stolen by the man or men who opened the safe. I went with Mr. Childers, the deputy sheriff. He summoned me to assist him. We made a full search. Found no stamps." It will be noticed that the witness does not mention two-cent postage stamps or postage stamps of any kind. If we overlook this deficiency, and assume that by the word "stamps" the witness meant two-cent United States stamps, there is still nothing to show that such postage stamps were stolen

from the safe or court-house when· the burglary was committed. The witness says the stamps were stolen by the man or men who opened the safe, but where were the stamps at the time they were stolen? The witness does not say that they were stolen from the safe or court-house, or that they were even kept in such safe or court-house, nor was there any fact shown from which it can be inferred that the breaking and entering of the house was with the intention to steal stamps of any kind. There is no evidence to show that the stamps stolen were owned by the United States, or that the United States had at any time kept postage stamps in said safe or court-house, and nothing to show that either the defendant or any one else had any reason to believe that such stamps were kept in that place. There is therefore nothing to sustain the allegation that the breaking and entering the court-house was with an intent to steal postage stamps. While the intent to commit a felony is a material part of the crime of burglary, and the indictment should set out the felony intended, yet it was probably unnecessary to describe the property which the burglar intended to steal with the particularity shown in this indictment. But, having made allegations descriptive of the property and of the offense, there must, in order to convict, be some proof tending to support them. *Dudney* v. *State*, 22 Ark. 251; Bishop's New Crim. Pro., secs. 486, 488, and cases cited; *Neubrandt* v. *State*, 53 Wis. 89; Rapalje on Larceny & Kindred Offenses, sec. 355.

The evidence to support the allegation that the breaking and entering took place in the night time, so far as it appears in the transcript, is very weak, but we deem it unnecessary to discuss it further. We know that this apparent defect in the proof may have been the result of haste or oversight in preparing the bill

of exceptions, but, as no effort has been made to amend it, we must assume that it reflects the facts.

For the reasons given above, the judgment is reversed, and the cause remanded for a new trial.