## MARSHALL *v.* STATE.

### Opinion delivered June 6, 1903.

1. LARCENY—INDICTMENT—DESCRIPTION OF MONEY.—An indictment for grand larceny which alleges that defendants stole $35, without describing the money more particularly, is sufficient.   *State* v. *Boyce,* 65 Ark. 82, followed.   (Page 418.)

2. SAME—ALLEGATION AND PROOF.—Where an indictment for larceny alleges that the money charged to have been taken was "gold, silver and paper money of the United States," it is necessary to prove (a) that it was money of the United States, and (b) that it was gold, silver or paper money.   (Page 418.)

| | |
|---|---|
| 71 | 415 |
| e73 | 103 |
| 74 | 211 |
| 74 | 258 |
| 71 | 415 |
| 84 | 286 |
| d 84 | 290 |
| 71 | 415 |
| 80 | 97 |
| 81 | 32 |
| 71 | 415 |
| 85 | 501 |
| 71 | 415 |
| f88 | 581 |

3. TRIAL—OPENING STATEMENT.—The prosecuting attorney, in his opening statement, stated to the jury, over defendant's objection, that he would prove that defendants had the reputation in various cities of being professional pickpockets and thieves, and that their pictures were in the rogues' gallery at St. Louis, and the court permitted the statement, saying that if the evidence became inadmissible he would exclude it. Subsequently evidence in support of such statement was held inadmissible, and the jury were directed not to consider the statement. *Held,* that the statement was prejudicial, and that the error was not eliminated by the court's charge. (Page 418.)

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

Reversed.

Appellants E. J. Marshall and Ed Burdett were indicted for grand larceny. Omitting formal allegations, the indictment was as follows:

"The grand jury of Sebastian county for the Fort Smith district thereof, in the name and by the authority of the State of Arkansas, accuse the defendants, E. J. Marshall and Ed Burdett, of the crime of grand larceny, committed as follows, to-wit: The said defendants, in the county and district aforesaid, on the 15th day of October, 1902, one pocket-book, of the value of $1, thirty-five dollars gold, silver and paper money of the United States, of the value of $35, all the property of Jim Dyer, feloniously did steal, take and carry away," etc.

In his opening statement of the case on behalf of the plaintiff, the prosecuting attorney stated to the jury that he would prove that these defendants had the reputation in New York, in St. Louis, in New Orleans, in Chicago and in other cities, of being professional pickpockets and thieves, to which statement defendants immediately objected on the ground that such evidence was only admissible against a witness to contradict him, and not as substantive evidence against a defendant, and that it was improper to make such a statement, which objection the court overruled, stating that he would control that, and if it became inadmissible he would so tell the jury, to which defendants excepted; whereupon the prosecuting attorney proceeded, and stated that he would prove that their pictures were in the rogues' gallery at St. Louis, and that defendant Marshall had served a term in a penitentiary, to which statements

defendants objected, but the court allowed them to go to the jury, and overruled defendants' objections, stating that he would govern the matter of admissibility of the evidence to prove the statements when it arose.

There was proof that between $34 and $36 were stolen from the prosecuting witness, Dyer, but there was no proof as to the character of the money.

John Fuller, a witness, testified that he was chief of police, and he was then asked if he had made investigation among the police records of St. Louis and other cities as to the reputation of defendants, but the evidence was ruled out on defendants' objections; also he was asked if he had seen pictures of defendants, and if he had the pictures, to which he answered that he had the pictures in his office, and the prosecuting attorney asked him to get them. Defendants objected to these questions before the jury and the method of the prosecuting attorney. The court stated he would exclude the evidence. Defendants excepted on the ground that both the court and the prosecuting attorney knew that such evidence was not admissible, and that its effect in connection with his opening statement was irremediable, and that such method should not be permitted. Whereupon the court said that the evidence was not admissible, and would be excluded, and so told the jury.

Defendants excepted to the method and questions of the prosecuting attorney in connection with his opening statement to the jury as trying by indirection to place before the jury that the defendants were professional thieves, that their pictures were in the rogues' gallery, and that they had been in jail and penitentiary, because the prejudice from his action could not be cured; but the court stated that he would properly instruct the jury thereon, and at the conclusion of the evidence stated to the jury that they must not, in arriving at their verdict, take into consideration any statement which in any way tended to show the character of defendants. The jury was cautioned by the court not to consider such statements at all in making up their verdict.

At the conclusion of the trial, defendants asked the court to instruct the jury that "the proof of the amount of money taken, $34 or $36, was not sufficient to sustain a conviction." The court refused to give this instruction, and defendants excepted. Defendants were convicted, and have appealed.

*Mechem & Bryant,* for appellants.

14

Remarks of prosecuting attorney were error. 100 Mich. 193; 70 Ark. 305; 71 S. W. 229; 35 Mich. 371; 33 Barb. 229; 69 Wis. 32; 8 Carr. & P. 222; 7 *Ib.* 60; 158 N. Y. 512; 106 Mo. 55; 126 Ill. 150. The description and proof of money was insufficient. Sand. & H. Dig. § 1717; 29 Ark. 68; 58 Ark. 19; 37 Ark. 444; 65 Ark. 82; 60 Ark. 141; 62 Ark. 558; 60 Ind. 193; 30 Mo. 29; 76 Ga. 18; 64 Ga. 61.

*George W. Murphy, Attorney General,* for appellee.

There was no error in admitting evidence of Dyer taken in examining court. Sand. & H. Dig. § 2958; 42 Ark. 558; 1 Greenl. Ev. § 163; 33 Ark. 539; 58 Ark. 353.

WOOD, J. The indictment was sufficient. Sand. & H. Dig. § 1717; *State* v. *Boyce,* 65 Ark. 82.

It was not necessary, under section 1717, *supra,* to particularly describe in the indictment the kind of money taken further than gold, silver or paper money. But, inasmuch as the money was described as "of the United States," it was made a part of the description, and the prosecuting attorney should have proved it. Also that it was "gold, silver and paper money" as alleged. This was not done, and the court should have given the instruction asked for by appellants. *Wilburn* v. *State,* 60 Ark. 14; *Starchman* v. *State,* 62 Ark. 538; *Hamilton* v. *State,* 60 Ind. 193; *Watson* v. *State,* 64 Ga. 61.

The object and scope of opening statements under the statute are discussed in *McFalls* v. *State,* 66 Ark. 16. According to the doctrine there announced and the authorities generally, the statement of the prosecuting attorney in this case was highly prejudicial; so much so that we do not think the charge of the court could have eliminated the poison from the minds of the jury.

He is not supposed to know what the evidence for the defense will be. *Ayrault* v. *Chamberlain,* 33 Barb. 229.

Judge Graves in *Scripps* v. *Reilly,* 35 Mich. 371, says: "The cases unite in substantially denying the right to get before the jury a detail of the testimony expected to be offered, and especially any not positively entitled to be introduced, and deny the right to use it as a cover for any topics not fairly pertinent."

For the errors indicated the judgment is reversed, and the cause is remanded for a new trial.