## MAXEY v. STATE.

### Opinion delivered March 23, 1908.

1. FALSE PRETENSES—VARIANCE.—An indictment for obtaining *money* under false pretenses is not sustained by proof that defendant drew his personal check in favor of a bank on another bank when he had no money therein, and that the amount of the check was placed to his credit on account in the former bank, and that his account in such bank was from time to time drawn upon in favor of other parties. (Page 501.)

2. SAME—DESCRIPTION OF MONEY.—In an indictment for receiving money

under false pretenses the money must be described with the same particularity and certainty as is required in an indictment for larceny. (Page 501.)

3. SAME—VARIANCE.—An indictment of a defendant for obtaining money by falsely pretending that he had money on deposit in a certain bank is not sustained by proof that he presented a check and received credit for the amount thereof when he had no funds in the drawee's hands and no reasonable grounds to believe that the check would be paid by the drawee. (Page 501.)

Appeal from Stone Circuit Court; *Frederick D. Fulkerson,* Judge; reversed.

*Murphy, Coleman & Lewis,* for appellant.

1. The indictment charged no crime. 37 Ark. 54-5; 42 *Id.* 131; 1 Moody, 224; 2 Fost. & Fin. 567; 2 Russell, Crimes (Int. Ed.) 521-2; 58 Ark. 43.

2. There is no evidence to support the verdict. No representations whatever were made to the bank. He obtained no money, only credit. There is no proof of the kind of money received, either gold, silver or paper. 71 Ark. 418; 62 *Id.* 538; 60 *Id.* 141; 37 *Id.* 54; 42 *Id.* 131.

*W. F. Kirby,* Attorney General, *Daniel Taylor,* Assistant, for appellee.

An indictment for receiving money under false pretense must describe the money with the same particularity and certainty as an indictment for larceny. 37 Ark. 443; *Ib.* 445. The allegation must be sustained by proof as to the kind of money. 60 Ark. 141; 71 *Id.* 415. As there is no such proof, we confess error.

McCulloch, J. Appellant was convicted in the circuit court of Stone County for the offense of obtaining money under false pretenses, and was sentenced to serve a term in the State penitentiary. The indictment charges in substance that appellant, on July 6, 1906, did falsely and feloniously pretend and represent to the Stone County Bank that he had on deposit and subject to check in the Bank of Batesville $900 in money, and that he drew his personal check in favor of said Stone County Bank on said Bank of Batesville; and that by reason of such false pretense he obtained from the Stone County Bank the sum of $900 in money.

The Attorney General confesses error on the ground that the evidence is not sufficient to sustain the judgment of conviction, in that it fails to show that appellant received money by reason of said false pretenses, as alleged in the indictment. We find that the confession is well made, and should be sustained. There is no evidence at all that appellant obtained any money from the Stone County Bank. On the contrary, the evidence affirmatively shows that no money was paid to him, but that the amount of the check was passed to his credit on account in the bank, and that his account was from time to time drawn upon in favor of other parties.

It has been held by this court that in an indictment for receiving money under false pretenses the money must be described with the same particularity and certainty as is required in an indictment for larceny. *Treadaway* v. *State,* 37 Ark. 443; *Jamison* v. *State,* 37 Ark. 445. It has also been held that the allegations of the indictment must be sustained by proof as to the kind of money described therein. *Jamison* v. *State, supra; Wilburn* v. *State,* 60 Ark. 141; *Marshall* v. *State,* 71 Ark. 415; *Starchman* v. *State,* 62 Ark. 538.

In *Jamison* v. *State, supra,* it was held that, under an indictment charging that money had been obtained by false pretense, proof that the defendant, by reason of the false pretense, obtained satisfaction of his debt to another was not sufficient to sustain the indictment. The court there said: "There was no evidence that the defendant obtained any money from Mattingley. Proof that by the false pretense alleged he procured the satisfaction of his indebtedness to Thompson by him, though sufficient to sustain an action by Mattingley against him for money lent, was irrelevant to the charge in the indictment. The money must have been actually, and not merely impliedly or constructively, obtained, and must have come into the defendant's possession." See, also, 2 Bishop on Crim. Law, § 480.

We also think that the evidence was insufficient because it entirely failed to show that the defendant made any false representation that he had money on deposit in the Bank of Batesville subject to his check, as charged in the indictment. The proof merely shows that he presented a check and received credit for the amount thereof, and that he had no funds in the Bank

of Batesville to draw upon. There was evidence also from which the jury might have found that when he drew and presented the check he had no reasonable grounds to believe that it would be paid by the bank upon which it was drawn. This, however, was not sufficient to sustain the allegations of the indictment in this respect. The indictment contained the specific allegation that appellant falsely represented that he had funds in the Bank of Batesville to the amount of $900, subject to his check. It was necessary to prove this as alleged. It was not sufficient proof of this merely to show that appellant presented a check on a bank in which he had no funds.

It is true that there may be an implied assurance, for some purposes, from the presentation of a check that there are funds in the bank upon which it is drawn sufficient to meet it. This would doubtless be true as to the necessity of giving notice of non-payment to the drawer of a check; but such implied assurance is not sufficient evidence of a false pretense under an indictment for a criminal offense. The implied assurance does not amount to the criminal affirmation of a fact or to a false pretense of an existing fact.

In a case before the English Court of Criminal Appeals (*Reg.* v. *Hazelton,* 13 Cox, C. C. p. 1), Kelly, C. B. said: "The indictment alleged three false representations: First, that the prisoner falsely pretended that he then had money to a certain amount in the bank; secondly, that he then had authority to draw a check upon the bank for that amount; thirdly, that a certain paper writing was a good and valid order for the payment of that amount. If the case had rested upon the first pretense alone, there would have been considerable difficulty in supporting conviction, because there are many cases in which no such representation can be implied from the mere giving of a check as a general rule, for persons of undoubted substance and respectability often draw checks exceeding the balance to their credit at their banks, and which are paid by the bankers. We may, therefore, put that representation out of the case."

All the other judges concurred ,and in separate opinions expressed the same views upon this question. Lush, J., in a concurring opinion, said: "I also think that the mere giving of a check does not convey a representation that the drawer has

money to the amount of the check in the banker's hands at the time of giving it. Many persons give checks exceeding their balance at the bank at the time, in the expectation of their being able to pay the money to meet them before they are presented."

We are of the opinion that the views expressed by the English courts are correct. The statute of this State on the subject of the crime of obtaining money under false pretenses provides that "every person who, with intent to defraud or cheat another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain a signature of any person to any written instrument, or obtain from any person any money, personal property, right in action, or other valuable thing or effects whatever, upon conviction," etc. Kirby's Digest, § 1689.

Now, upon an indictment for obtaining money " by color of any false token or writing", the proof might be deemed sufficient to warrant conviction where it tended to show that the defendant presented and received money on a check which he knew to be worthless and would not be paid, even though there was no affirmative representation as to its validity or worth. Under that charge, guilty knowledge of the worthlessness of the check would be of itself obtaining money by color of the false token or writing, without a positive affirmation on his part that the amount called for in the writing would be paid. *Reg.* v. *Hazelton, supra; People* v. *Donaldson,* 70 Cal. 116.

But where, as in this case, there is a positive averment in the indictment of a false pretense in regard to a particular matter, the charge must be proved as alleged, and the mere presentation of a check is not a pretense that there is money in the bank upon which it is drawn. We think, therefore that the evidence on either point is insufficient to sustain the verdict and judgment.

Reversed and remanded for new trial.