RHOADES V. STATE.

Opinion delivered October 3, 1910.

1. FISH AND GAME—VARIANCE BETWEEN INDICTMENT AND PROOF.—Where the indictment charged that defendants were guilty of unlawful fishing, committed by fishing with a trammel net, and the proof tended to show that they fished with a hoop or barrel net, the variance is fatal. (Page 64.)

2. SAME—RIGHT TO FISH WITH HOOP OR BARREL NET.—Under Kirby's Digest, § 3600, making it unlawful to place, erect or maintain "any seine net, gill net, trammel net, set net, bag weir, bush drag, any fish trap or dam, *or any other device or obstruction,* or by any such means to take or catch any fish in the waters of this State," it is unlawful to fish in any of the waters of this State with a hoop or barrel net. (Page 64.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; reversed.

*Manning & Emerson,* for appellant.

1. Where the indictment charges the defendant with taking fish with a trammel net, and the proof shows that they fished with a hoop or barrel net, there is such a variance as will not sustain a conviction. 14 N. E. 643; 13 Ark. 62; 29 Ark. 299; 34 Ark. 160; 60 Ark. 141; 61 Ark. 115; 62 Ark. 516; 55 Ark. 389; *Id.* 242; 26 Fed. Cas. 15,403; 17 Am. Rep. 40; 19 Ill. 74; 90 Ky. 637; 8 So. 624; 16 Pac. 417; 23 S. E. 619; 105 S. W. 200; 82 N. E. 226; 126 S. W. 598; 22 Cyc. 456.

2. Under the statute, fishing with a hoop or barrel net is not an offense. The clause "or any other device or obstruction" does not include such nets. 73 Ark. 600.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

1. Trammel nets and hoop or barrel nets are of the same general character, in that they catch and hold the fish in the same way, *i. e.,* by entangling them in their meshes. Webster's Dict., Trammel. The variance between the indictment and the proof, if any, is technical merely, and not material. 13 Ark. 703; 34 Ark. 441.

2. The statute fully covers fishing with hoop or barrel nets. 172 Ill. 40.

HART, J.  The indictment in this case charges M. S. Rhoades and M. M. May with the crime of unlawful fishing, committed by catching fish "with a trammel net in the waters of White River, in Monroe County."

The proof showed that Rhoades and May did not fish with a trammel net, but that they used a hoop or barrel net.  The indictment was returned under section 3600 of Kirby's Digest, which, as far as material to the present case, is as follows:

"No person shall be allowed to place, erect, or cause to be placed or erected, or maintained in any of the waters of this State, or in front of the mouth of any stream, slough or bayou, any seine net, gill net, trammel net, set net, bag weir, bush drag, any fish trap or dam, or any other device or obstruction, or by any such means to take or catch any fish in the waters of this State."

The court instructed the jury that if Rhoades and May fished with a hoop or barrel net within the time and at the place mentioned in the indictment they would be guilty as charged.

From a judgment of conviction Rhoades and May have duly prosecuted an appeal to this court.

The principal ground relied upon for a reversal of the judgment is that there is a variance between the indictment and the proof in the case.  The indictment having charged that there was a violation of section 3600 of Kirby's Digest by fishing with a trammel net, this became a part of the description of the offense, and should have been proved as alleged. This was not done, and for that reason the judgment must be reversed.  See *Marshall* v. *State,* 71 Ark. 415, and cases cited. A hoop or barrel net as shown by the evidence is a net, but it is not a trammel net.  Greenleaf lays down the rule as follows:

"Where a person or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of the description must be proved; for they are all made essential to the identity." 1 Greenleaf, Ev. (16 ed.), § 65, p. 829; 22 Cyc., p. 370.

It is again contended by counsel for appellant that the statute in question does not make it an offense to fish in the navi-

gable waters of this State with a hoop or barrel net. It is true that these specific nets are not named in the statute, but they are of the same general kind as the net named, and are used for the same purpose. We are of the opinion that they fall within the meaning of the clause, "or any other device or obstruction."

The judgment will be reversed and the cause remanded for a new trial.