### PORTERFIELD *v.* STATE.

#### Opinion delivered October 25, 1920.

CRIMINAL LAW—OPENING STATEMENT OF PROSECUTING ATTORNEY.—In a prosecution for transporting liquor, remarks of the prosecuting attorney in his opening statement that the defendant has paid fine after fine for being drunk, and that if he takes the stand he will admit that he has been fined for being drunk, *held* improper and prejudicial as beyond the legitimate scope of an opening statement and as being tantamount to a direct attack on defendant's failure to testify.

Appeal from Little River Circuit Court; *James S. Steel,* Judge; reversed.

*June R. Morrell,* for appellant.

1. It was error to refuse a continuance. The court abused its discretion. 85 Ark. 334; 99 *Id.* 394; 100 *Id.* 301.

2. There was prejudicial error in the argument of the prosecuting attorney. 103 Ark. 356; 58 *Id.* 481; *Doran,* v. *State,* 141 Ark. 442.

3. The testimony was insufficient to warrant the court in submitting the case to a jury. 80 Ark. 225; 83 *Id.* 227.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1. Confess error in the remarks of the State's attorney. 71 Ark. 415; 88 *Id.* 579.

2. The testimony was insufficient to sustain the verdict. 31 Ark. 196; 72 *Id.* 382; 137 N. W. 61.

Wood, J. The appellant was convicted of the crime of transporting liquor in this State. One of the grounds of his motion for new trial is, "Because the court erred in permitting A. D. DuLaney, the prosecuting attorney, to use the following language in his opening statement to the jury: 'He has paid fine after fine. If Con Porterfield takes the stand in his own behalf, he will admit to you that he has been fined several times for being drunk. If Con Porterfield takes the stand, he will admit to you·that he has been fined in Winthrop for being drunk. If he takes the stand, he will admit too, if not we will prove it by the records of this court, that yesterday he plead guilty of being drunk to an indictment gotten out by the grand jury of Little River County last week.' So, I say, gentlemen, if that proof is made, then the court will instruct you that you may consider that as affecting his credibility. If he does not admit his plea of guilty here yesterday for being drunk before the grand jury, the record will be introduced of yesterday's proceedings to prove him guilty of being drunk."

Counsel for appellant objected to the above statement and requested the court to instruct the jury not to consider it. After the prosecuting attorney had been allowed to make the statement, the court made the following remarks: "The court holds that this is improper for any purpose unless Mr. Porterfield takes the stand. If he does, it can only be considered as affecting his credibility, and not as affecting his guilt in this case." The appellant duly objected and excepted to the ruling of the court.

The remarks of the prosecuting attorney were entirely beyond the legitimate scope of an opening statement, the purpose of which is to "enable the court and jury to more readily understand the issue to be tried and the evidence subsequently adduced. The scope of the opening statement should be limited to getting before the jury a detail of the testimony expected to be offered,

and counsel has no right to state to the jury facts which he may not prove." *Jones* v. *State*, 88 Ark. 579-581.

In *Marshall* v. *State*, 71 Ark. 415, the prosecuting attorney, in his opening statement, over defendant's objection, stated to the jury that he would prove that the defendants had the reputation in various cities of being professional pickpockets and thieves and that their pictures were in the Rogues' Gallery in St. Louis. The court permitted the statement, saying that, if the evidence became inadmissible, he would exclude it. Subsequently evidence in support of such statement was held inadmissible, and the jury were directed not to consider the statement. Notwithstanding such directions of the trial court, this court held that the statement was prejudicial, and that the error was not eliminated by the court's charge.

The principles announced in the above cases rule this. Indeed, the conduct of the district attorney as presented in the present record was a more flagrant disregard of the rights of the accused than in the above cases, for here the district attorney undertook to anticipate what the defendant would testify if he became a witness, and then followed this by stating that if the defendant became a witness and did not testify as he (the prosecuting attorney) was then stating, he (the prosecuting attorney) would produce testimony proving facts which would show that the statements made by the defendant were false. The remarks of the prosecuting attorney were tantamount to a direct attack upon the failure of the defendant to testify, and they were well calculated to create in the minds of the jury unfavorable and most prejudicial presumptions against him. This procedure was directly in the teeth of the statute, which declares that the accused "shall at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him." Section 3088, Kirby's Digest. The statute was enacted solely for the benefit of the accused.

The Attorney General confesses that the above ground of appellant's motion for a new trial was well taken, and that the trial court erred in not granting appellant's motion for a new trial. For the reasons stated, we agree with the Attorney General. The judgment is therefore reversed, and the cause will be remanded for a new trial.