COOLEY v. STATE.

4495                                                  211 S. W. 2d 114

Opinion delivered May 17, 1948.

Rehearing denied May 31, 1948.

---

504

*Talley & Owen,* for appellant.

*Guy E. Williams,* Attorney General and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice. Appellant, Robert Cooley, was tried on an information charging him with the crime of murder in the second degree, for the homicide of John L. Williams, alias William K. Tatum. From a conviction of voluntary manslaughter and a sentence of two years in the penitentiary, there is this appeal. The motion for new trial contains 16 assignments, which we group and discuss in topic headings.

I. *The Sufficiency of the Evidence.* This embraces assignments numbered 1, 2, 3, 5, 10 and 11 in the motion

for new trial. It was admitted that appellant killed the deceased: self-defense was the plea. The evidence viewed most strongly for the State (as we do on appeals in criminal cases like this[1]) discloses that appellant shot and killed the deceased near a tavern or road house in Pulaski county. The deceased first had a difficulty with a witness named Emmet Williams. When appellant's wife intervened, the deceased turned on her; and then appellant entered the affray. He hit the deceased, and then—after retreating into the darkness—shot the deceased while he was not then approaching or pursuing the appellant. There was sufficient evidence to take the case to the jury, and to support the verdict rendered.

II. *Amending the Information.* This embraces assignments numbered 6, 7, 8, 9 and 12 in the motion for new trial. The information as originally filed gave the name of the deceased as John L. Williams. Preliminary to presenting the case to the jury, the court—after hearing witnesses—allowed the State to amend the information to show that the deceased also went under the name of William K. Tatum. There was no error committed by the court in this regard. The identity of the deceased was known to the appellant; and the adding of the various aliases could not possibly have affected his plea of self-defense. See § 24 of Init. Act 3 of 1936, as found on p. 1384 of the Acts of 1937, which is now § 3853, Pope's Digest; *Bennett* v. *State,* 201 Ark. 237, 144 S. W. 2d 476, 131 A. L. R. 908; *Tate* v. *State,* 204 Ark. 470, 163 S. W. 2d 150; and *Underwood* v. *State,* 205 Ark. 864, 171 S. W. 2d 304.

III. *Use of Written Statements of Witnesses.* This embraces assignments numbered 13 and 16 in the motion for new trial. In the investigation of the homicide the prosecuting attorney had taken written statements from some of the witnesses. When they proved forgetful, or reluctant to testify, the court allowed the prosecuting attorney to refresh their memories from such statements. There was no error committed in this respect; see *Combs*

---

[1] See *Coffer* v. *State,* 211 Ark. 1010, 204 S. W. 2d 376; and, also, cases collected in West's Arkansas Digest, "Criminal Law," § 1144 (13).

v. *State,* 163 Ark. 550, 260 S. W. 736; and *Crafford* v. *State,* 169 Ark. 225, 273 S. W. 13.

IV. *Rebuttal Testimony.* This embraces assignments numbered 14 and 15. When the appellant was testifying he said he did not shoot at Louis Gray, and also that he did not ''shoot up'' Mose Edwards' tavern just a few days before the homicide here involved. On rebuttal, the State was allowed to prove:

(a) by Louis Gray, that the appellant did shoot at him; and

(b) by Mose Edwards, that the appellant shot a pistol six times at Mose Edwards' place of business just a few days before the homicide.

The appellant claims that this rebuttal was improper and prejudicial, and cites *Carlley* v. *State,* 191 Ark. 363, 86 S. W. 2d 36. But the cited case affords appellant no support. In it, certain testimony about the defendant's conduct was introduced in the State's case in chief; and we held that it was prejudicial because it cast an additional burden on the defendant prior to his defense testimony. Here, the defendant took the witness stand, and made some sort of denial about having or using a pistol. Certainly, the trial court did not abuse its discretion in admitting the challenged testimony by way of rebuttal. *Bobo* v. *State,* 179 Ark. 207, 14 S. W. 2d 1115.

V. *Alleged Refusal to Give an Instruction.* The court instructed the jury as to second degree murder, voluntary manslaughter, reasonable doubt, self-defense, circumstantial evidence, burden of proof, and other relevant issues, as is usual in a criminal case of this kind. There is no assignment of error concerning the giving or refusing of any instruction except appellant's assignment No. 4, which reads: ''The court erred in failing and refusing to instruct the jury as to the law regarding involuntary manslaughter, as requested by the defendant, to which action of the court the defendant at the time objected and saved his exceptions.''

Our search of the transcript fails to disclose that the appellant ever presented any requested instruction to the trial court on involuntary manslaughter. The situa-

tion in the case at bar is similar to that in *Pate v. State*, 206 Ark. 693, 177 S. W. 2d 933. What was said in that case applies here—*i. e.,* if appellant desired an instruction, he should have submitted one to the court "setting forth a proper statement of the law in that particular, and, not having done this, he cannot complain of the court's failure to give such instruction."

The judgment of the circuit court is in all things affirmed.