BILLY RAY HOUPT *v.* STATE OF ARKANSAS

5536                                    459 S. W. 2d 565

Opinion delivered November 16, 1970

*Richard L. Slagle,* for appellant.

*Joe Purcell,* Attorney General; *Milton Lueken,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged by information with the crime of robbery. A jury trial resulted in a verdict of guilty and a sentence of nine years in the state penitentiary. Present counsel was appointed for purposes of this appeal.

Appellant first contends for reversal that the jury verdict is not supported by the evidence. We disagree. The prosecuting witness, Cleo Smith, testified that on the night of the robbery, while he was working alone behind the counter at Lake Liquor Store in Hot Springs, a dark-haired man wearing dark trousers and a blue knit golf shirt entered the store between 11:30 p.m. and midnight, got a coke from the vending machine, and asked to have a fifty-dollar check cashed. When Smith refused, the man displayed a small pistol and inquired: "You'll cash it for this, won't you?" He then demanded and received all of the twenty and ten dollar bills in Smith's till. Approximately five minutes elapsed from the time appellant entered until he made his getaway in a car which Smith described as being a two-toned, light

over dark color. Smith identified appellant, both at the police station and at the trial, as the robber.

The owner of the store testified that an inventory of the money disclosed that $420.00 had been taken. Two officers related to the jury the events leading to appellant's arrest and the subsequent search of his light over dark, two-toned car which produced a high powered rifle, a cheap small holster, and a box of 25-caliber shells.

Appellant presented an alibi witness who testified that appellant was with him in Monroe, Louisiana, all day and most of the night of the date of the robbery. Direct and cross-examination disclosed that this witness had a felony record and that he had first met appellant twenty years ago in Washington, D. C. at the National Training School, a federal institution for boys. Appellant then took the stand and corroborated his alibi witness' story. He also displayed to the jury several clearly noticeable arm tattoos which the state's witness, Smith, failed to mention in his description of his assailant.

In rebuttal, the state called two witnesses who testified they saw appellant in Hot Springs on the day of the robbery.

Reconciling conflicts in the testimony and weighing the evidence are, of course, within the exclusive province of the jury. *Wright* v. *State*, 177 Ark. 1039, 9 S. W. 2d 233 (1928). It was the jury's prerogative to accept such portions of the testimony which it believed to be true and to discard that deemed false. *Brown* v. *State*, 231 Ark. 363, 329 S. W. 2d 521 (1959); *Smith* v. *State*, 216 Ark. 1, 223 S. W. 2d 1011 (1949). If a verdict is supported by any substantial evidence, that is sufficient to sustain it. *Cook* v. *State*, 196 Ark. 1133, 121 S. W. 2d 87 (1938). Viewing the evidence in a manner most favorable to the state, as we must on appeal [*Crow* v. *State*, (Ark. June 15, 1970), 455 S. W. 2d 89], it is obvious that we cannot say in the case at bar that the jury, as a matter of law, was without any substantial evidence to support its verdict.

In his second and final point for reversal, appellant argues that there was a fatal variance between an allegation in the information and the proof at trial. The information charged appellant with robbing Cleo Smith of "$420.00 silver and paper money"; whereas the proof at trial only established the taking of $420.00 in paper money. Appellant relies upon our earlier decisions such as *Silvie* v. *State,* 117 Ark. 108, 173 S. W. 857 (1915); *Marshall* v. *State,* 71 Ark. 415, 75 S. W. 584 (1903); *Starchman* v. *State,* 62 Ark. 538, 36 S. W. 940 (1896); and *Wilburn* v. *State,* 60 Ark. 141, 29 S. W. 149 (1895), which seemingly support his position. However, these cases precede the adoption of Initiated Act No. 3 of 1936. One section of this act [Ark. Stat. Ann. § 43-1006 (Repl. 1964)] relaxes the previous unnecessarily rigid requirements pertaining to the sufficiency of indictment or information. This act was adopted by the people of this state in order to simplify criminal procedure and to eliminate some of the technical defenses by which criminals had in the past often thwarted justice. *Underwood* v. *State,* 205 Ark. 864, 171 S. W. 2d 304 (1943).

In *Butler* v. *State,* 198 Ark. 514, 129 S. W. 2d 226 (1939), it was contended that a robbery information was insufficient in that it did not allege whether the money taken was gold, silver, or paper. The court disposed of this contention by simply noting that Initiated Act No. 3 of 1936 made such a specific allegation unnecessary. Likewise, in the case at bar, we think appellant's contention that the sufficiency or variance of the proof in relation to the allegation of "silver and paper money" should be disposed of with similar logic. Had the information read "$420.00 silver *or* paper," no variance in proof could have been successfully asserted. To claim a reversal merely because the description of the money was in the conjunctive rather than the disjunctive is to employ a technicality, insignificant in the circumstances of this case, in an attempt to evade justice. While it is feasible that in some situations proof that silver *and* paper money were both taken may be essential to the prosecution's case, in this instance the variance was

clearly not a matter of substance, but simply one of form.

Appellant was fully apprised of the charge (robbery) against him. He does not demonstrate any resulting prejudice, nor does he even claim that he was in any way misled by the asserted variance. This slight variance in no manner affected the substantive issue of guilt or innocense. See *Snider* v. *State,* 242 Ark. 728, 415 S. W. 2d 53 (1967).

Finding no merit in appellant's contentions, the judgment is affirmed.