CLARENCE McPEACE AND MATTIE CARTER *v.*
STATE OF ARKANSAS

5532                                         462 S. W. 2d 212

Opinion delivered January 18, 1971
[Rehearing denied February 15, 1971.]

*O. W. (Pete) Wiggins,* for appellants.

*Joe Purcell,* Attorney General; *Milton Lueken,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellants were charged by information with first degree murder. The charge was later reduced to second degree murder. A jury having been waived, the trial court found appellants guilty of manslaughter and imposed on each a two-year sentence in the State Penitentiary. From that judgment comes this appeal which challenges the sufficiency of the evidence to support appellants' convictions. In deciding this issue, we review the evidence in the light most favorable to the appellee; and if there is any substantial evidence to support the judgment, we must affirm. *Houpt* v. *State,* 249 Ark. 485, 459 S. W. 2d 565.

The evidence presented at trial disclosed that prior to the fatal shooting, appellant Mattie Carter was present with the deceased and several other persons at a cafe owned by her son, appellant Clarence McPeace. Earlier that afternoon the deceased and some other patron of the cafe had been in a fight which resulted in the breaking of several dishes and glasses. Appellant McPeace, who was engaged in outside employment, did not arrive at his cafe until later in the afternoon at which time the deceased came up to him, apparently offering to pay for the damaged utensils. An argument erupted between the two which precipitated the shooting.

Eyewitnesses for the State testified that appellant Carter approached the arguing men, drew a pistol from her purse, "stuck" the gun in the deceased's chest and fired several shots; that the deceased then ran from the cafe and that appellant McPeace followed him and shot at him several times. A sheriff's deputy testified that his investigation revealed that deceased "had two bullet

holes in his chest and one in his back." The coroner testified that four bullets penetrated the deceased's body; that he only found and removed two of them; and that the primary cause of death resulted from a bullet wound in the chest. Apparently this bullet was not recovered. A ballistics expert testified that one of the extracted bullets came from a pistol, Serial No. 34032 (which was taken from appellant Carter), and that the other bullet came from another pistol, Serial No. 98073 (which was found in the possession of appellant McPeace).

Self-defense was asserted by appellants. They adduced evidence that the deceased instigated the argument and then started shooting at appellant McPeace who necessarily returned the fire. There was evidence that appellant Carter, who did not testify, fired "twice into the ground to break it up." Also, that either one or two pistols were found on the person of deceased where he fell outside the building. However, the State elicited testimony that the deceased neither produced a gun nor made any threats prior to being shot by appellant Carter and that the deceased was retreating from the cafe when he was shot by appellant McPeace.

Viewing the above evidence in the light most favorable to the appellee, we cannot say as a matter of law that the trial court erred in discounting appellants' claim of self-defense and finding appellants guilty of manslaughter. See *Cooley* v. *State,* 213 Ark. 503, 211 S. W. 2d 114 (1948). Indeed, the evidence in the case at bar would have supported a conviction of a higher degree of homicide. Therefore, as we said in *Patrick* v. *State,* 245 Ark. 923, 436 S. W. 2d 275 (1969), the appellants here are in no position to complain as to the sufficiency of the evidence.

Affirmed.