LEDELL MUMPHREY *v.* STATE OF ARKANSAS

5614                                470 S.W. 2d 589

Opinion delivered September 20, 1971

*H. Allan Dishongh,* for appellant.

*Ray Thornton,* Attorney General; *Garner Taylor, Jr.,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was charged by information with the crime of assault with intent to kill. The trial court, sitting as a jury by agreement, found appellant guilty and imposed a sentence of three years in the State Penitentiary. Present counsel was appointed to perfect this appeal in which it is asserted that the evidence is insufficient to sustain the conviction. We cannot agree.

It is well settled that on appeal we review the sufficiency of the evidence in the light most favorable to the appellee and if there is any substantial evidence to support the findings of the trier of the facts, we must affirm. *McPeace & Carter* v. *State,* 249 Ark. 832, (1971), 462 S.W. 2d 212.

Only two witnesses, the victim of the alleged assault and the appellant, testified as to the occurrence. The victim, Leonard Jones, testified that he and two of his friends went to a local nightclub where, although not a member, he was admitted after appellant "patted me down for a pistol." Jones requested that his two friends also be admitted without the payment of a membership card. He stated that his request was refused by one of the owners of the club unless $6.00 membership cards were purchased. During this conversation some unidentified employee in the club repeatedly suggested to appellant that Jones be thrown out of the premises because he had been told to buy membership cards. Jones said that he invited this unknown person to throw him out and when he continued his conversation with this owner of the club he heard a shot and a bullet struck him. As Jones turned around he saw the appellant standing closeby with a pistol in his hand, at which time he was hit in the stomach by the second shot which was definitely fired by the appellant. Thereupon he turned in an effort to leave the premises but in the confusion his flight was impeded by someone. When he finally escaped to the outside he had suffered five 38-caliber bullet wounds to his body; namely his shoulder, stomach, chest, arm and hip. No bullets were introduced into evidence. Jones testified that he was unarmed and had made no threats to anyone. He only saw appellant shoot the one time. However, he "felt" there was someone else in the club also shooting although he saw no one doing so.

Appellant testified he was working as a "bouncer" at the club and that his employers had provided him with a pistol of a different caliber than the type of gun that caused the victim's wounds. According to him,

Jones and his friends came to the club in a drunken condition and appellant permitted their admittance without membership cards since he knew them. He stated that he went to the back of the club and afterwards heard three or four shots following an argument at the front of the club between the victim and one of the owners. He denied that he shot Jones or that he was even near him when the shots were fired. The appellant testified that one of the owners of the club did the shooting.

The conflicting versions of these two witnesses and all reasonable inferences to be drawn therefrom were questions for the trier of the facts to resolve. It was the prerogative of the court, sitting as a jury, to accept that testimony which it believed to be true and to discard that deemed to be false. *Houpt* v. *State*, 249 Ark. 485, (1970), 459 S.W. 2d 565; *McPeace & Carter* v. *State, supra.*

In the recent case of *Ford* v. *State,* 249 Ark. 695, (1970), 460 S.W. 2d 749, we quoted with approval from *Davis* v. *State,* 206 Ark. 726, 177 S.W. 2d 190 (1944) where this court said:

Although the state is required to prove that the defendant actually intended to kill, it need not depend upon declarations made by the defendant to establish such fact. While the intent to kill cannot be implied as a matter of law, it may be inferred from facts and circumstances of the assault, such as the use of a deadly weapon in a manner indicating an intention to kill, or an act of violence which ordinarily would be calculated to produce death, or great bodily harm. In determining whether or not the intent to kill should be inferred, the trier of the facts may properly consider the character of the weapon employed and the way it was used, the manner of the assault and the violence attendant thereon; the nature, extent and location on the body of the wound inflicted, if any; the state of feeling existing between the parties at and anterior to the difficulty; statements of the defendant, if any; and all

other facts and circumstances tending to reveal defendant's state of mind.

When we consider all of the evidence in the light most favorable to the appellee, which we must do on appeal, we cannot say as a matter of law that the evidence is insufficient to support the trial court's finding that appellant is guilty of assault with intent to kill.

Affirmed.