Ray RIDDICK *v.* STATE of Arkansas

CR 80-148                                   607 S.W. 2d 671
Supreme Court of Arkansas
Opinion delivered November 24, 1980

*Seay & Bristow*, by: *Bill W. Bristow*, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Chief Justice. Appellant, Ray Riddick, was charged with arson and burglary arising from the allegation that he and one Leroy Dirlam burglarized and then set fire to the Circle Inn Restaurant in Manila, Arkansas on December 24, 1978. Dirlam died in the fire. The jury trial resulted in appellant's acquittal for burglary and his conviction for arson. In accord with the jury verdict, appellant was

sentenced to five years imprisonment. Riddick's sole point on appeal is that his conviction should be set aside and he should be discharged because one who burns a structure at the request of the owner cannot be guilty of arson. Our arson statute provides:

(1) A person commits arson if he starts a fire or causes an explosion with the purpose of destroying or otherwise damaging:

(a) an occupiable structure that is the property of another person;

Ark. Stat. Ann. § 41-1902 (Repl. 1977)

Appellant insists that since one of the elements of an arson conviction is that the property be that of another, an owner cannot be found guilty of arson in the burning of his own building; therefore, anyone who commits the offense at the owner's request, as his agent, cannot be guilty of arson. To support his conviction appellant relies on a single Kansas case, *State* v. *Cristendon*, 205 Kan. 28, 468 P. 2d 153 (1970). In that case the owner of the burned structure had admitted hiring Christendon for the purpose of committing arson. The owner, himself, had been convicted of third degree arson and insurance arson. Christendon's prosecution for first degree arson was dismissed by the trial judge on the grounds that the owner's agent, Christendon could not be convicted of a higher crime than his principal. On the basis of the uncontroverted fact that Christendon was the owner's agent in burning the structure, the Kansas Supreme Court affirmed. The facts in *Christendon* are easily distinguished from those involved here. There the owner had already been convicted and had admitted that Christendon was his agent, there was no question that Christendon was the owner's agent; here, Frank Hamilton, the owner of the Circle Inn Restaurant, took the stand on rebuttal and emphatically denied soliciting either Riddick or Leroy Dirlam to burn his restaurant. Since it cannot be said that the owner's participation is an uncontroverted fact, we cannot say that *Christendon* is controlling.

There was testimony presented by witnesses for the

state, police officers who had investigated the scene, that not only was the Circle Inn fire of incendiary origin but that there was evidence that a burglery had taken place: Leroy Dirlam was found face down on the floor of the charred building, still clutching burnt checks; a cash register drawer lay nearby and money was scattered everywhere. The only evidence that Riddick had burned the restaurant at the owner's instigation was the testimony of Everette Ercelle Duncan, appellant's nephew. Duncan stated that appellant had come to him the night of the fire, badly burned on his hands and face and had asked Duncan to take him to Chicago. Duncan eventually took appellant to Bald Knob where appellant's sister lived. During the drive, Duncan observed appellant throw some keys out the window of the moving car. Later appellant told Duncan the keys were given to him and Dirlam to get into the Circle Inn. After appellant had been admitted to the burn center at Baptist Hospital, Duncan visited him there. It was then appellant related that he had been hired, through his son-in-law Benny Murray, to burn the Circle Inn in Manila, Arkansas. Appellant never took the stand. There was no testimony from which a jury could find that Murray was authorized to act for Hamilton without speculation and conjecture.

The jury sitting as trier of fact, is often faced with conflicting accounts, either within the testimony of one witness or within the various statements of several witnesses. It is the jury's role to weigh their credibility, assess the consistencies and inconsistencies, observe the witnesses as they testify and believe those parts of the testimony they believed to be true and disregard those they believed to be false. *Rose* v. *State*, 122 Ark. 509, 184 S.W. 60; *Powell* v. *State*, 149 Ark. 311, 232 S.W. 429; *Houpt* v. *State*, 249 Ark. 485, 459 S.W. 2d 565; *Mumphrey* v. *State*, 251 Ark. 25, 470 S.W. 2d 589; *Henderson* v. *State*, 255 Ark. 870, 503 S.W. 2d 889. We cannot say that it was error for the jury, on the evidence presented, to find that Riddick did intentionally burn the Circle Inn Restaurant, in concert with Leroy Dirlam and without the owner's consent. It is interesting to note here that appellant, at trial, refused instructions on the lesser offenses of reckless burning and criminal mischief, limiting the jury to consideration of arson alone with reference to appellant's participation in the fire. It was

not unreasonable for the jury to find appellant guilty of arson.

In oral argument and in his motion for directed verdict, appellant advanced a theory that is ancillary to his contention that the jury necessarily found him guilty of burning the building as the agent of the owner. That theory was based upon the verdict acquitting him of the crime of burglary. The information on which appellant was tried contained two counts. In the first, Riddick was charged with burglary by entering the occupiable structure of Hamilton with the purpose of committing theft of property; in the second, he was charged with arson by starting a fire and/or causing an explosion with the purpose of destroying and damaging an occupiable structure. We are unable to follow this argument. The verdicts do not seem necessarily inconsistent to us, but, even if they are, appellant, having been acquitted of burglary, is in no position to complain, if the evidence supports the verdict on the arson count. *Rooks* v. *State*, 199 Ark. 1188, 136 S.W. 2d 481. In this case, the evidence was sufficient to warrant a conviction of both offenses, so appellant cannot complain of the jury's extending him greater leniency than he was entitled to. *Cook* v. *State*, 80 Ark. 495, 97 S.W. 683. The two counts are, in effect, two independent charges and a verdict in one would not be res judicata as to the other, even though based upon the same evidence, so consistency in the verdicts is unnecessary. *Dunn* v. *United States*, 284 U.S. 390, 52 S. Ct. 189, 76 L. Ed. 356, 80 ALR 161 (1932). As pointed out in *Dunn*, the verdict may have resulted from compromise or mistake on the part of the jury, but verdicts cannot be upset by speculation or inquiry into such matters.

The judgment is affirmed.