WILBURN v. STATE.

Opinion delivered January 5, 1895.

| 60 | 141 |
|----|-----|
| 71 | 418 |
| 60 | 141 |
| f82 | 554 |
| 60 | 141 |
| 84 | 287 |
| 84 | 290 |
| 60 | 141 |
| 85 | 501 |

1.  *False pretenses—Variance.*
    An indictment for obtaining, by false pretenses, $4 in paper and silver money, and molasses, flour, meat and corn of the value of $15, is not sustained by proof that defendant obtained $4 in money and goods of the value of $28, without showing what kind of money or goods were obtained.

2.  *Lost instrument—Secondary evidence.*
    *It seems* that it is an abuse of discretion to admit secondary evidence of a writing alleged to be lost where the witness in whose custody it has been testifies that, after an hour's search, he is unable to find it, but thinks it must be among his papers, and that, by a further search, he might possibly find it.

Appeal from Lee Circuit Court.

GRANT GREEN, JR., Judge.

*E. D. Robertson* for appellant.

The lease to Davis, and the lease back to Wilburn did not create any lien on appellant's crop.    7 Ark. 253 ; 31 *id.* 597 ; 33 *id.* 387.    Derrick was an innocent purchaser for value without notice of any lien, if there was one.

*James P. Clarke,* Attorney General, and *Chas. T. Coleman* for appellee.

1. Variance between indictment and evidence.

WOOD, J.   The defendant appealed from a conviction of false pretenses.   The indictment charged him with feloniously and falsely pretending to W. T. Derrick "that he, the said W. C. Wilburn, was then and there the legal owner of a certain growing crop of cotton and corn then situate on the land of him the said W. C. Wilburn," and did then and there execute a deed of conveyance of the said crop to W. T. Derrick, as security for the sum of one hundred and eighty-five dollars in value of money and property to be thereafter furnished to said Wilburn by said Derrick.   And then and there, by reason of said false representations and pretenses, did unlawfully and feloniously obtain of the said Derrick the sum of four dollars of good and lawful paper and silver money, currency of the United States of America, property of the said Derrick and of the value of four dollars, and a lot of molasses and flour and meat and corn, the property of the said W. T. Derrick, and of the value of fifteen dollars."

Derrick, the prosecuting witness, testified that, "on the 13th day of June, 1892, the defendant came to me, and asked me to furnish him some money and supplies to enable him to make a crop which he stated he then had upon his own place in Marianna, which he offered to give me a mortgage on to secure the advances.   He said he had no incumbrances on it.   I advanced him four dollars in money, and during the crop season advanced him goods and supplies amounting to about twenty-eight dollars, advancing him the last item, some meal, on September 6, 1892."   This was all the evidence as to the kind and value of the property obtained.

The proof did not support the allegations of the indictment, which specifically named and described the money and property obtained.   The proof should have

been equally specific. The prosecution having alleged
that the defendant obtained four dollars of paper and
silver money, and a lot of molasses and flour and meat
and corn, of the value of fifteen dollars, should have
shown, under this allegation, that silver and paper
money and molasses, flour, meat and corn were obtained
by reason of the false pretenses. He shows that four
dollars were obtained, but does not show whether it was
gold, silver or paper money. He shows that goods
amounting to twenty-eight dollars were obtained, but
does not show whether the goods were molasses, flour,
meat and corn, as charged, or potatoes, chickens, eggs
and meal. Meal is mentioned in the proof, but is not
mentioned in the indictment. The defendant, under a
charge of this kind, had a right to insist upon the State
making out the case she had alleged. The proof was
not responsive to the allegations, and for this reason the
cause must be reversed.

2. In view of a new hearing, we deem it necessary
to notice the fourth ground of the motion for new trial,
which is as follows: " That the court erred in allowing
plaintiff to introduce the evidence of the contents of the
rent note executed by Ben Lomax to defendant, without
requiring plaintiff to prove the destruction or loss of the
note." Witnesses testified that, prior to the mortgage
executed by defendant to Derrick, the defendant had
rented his entire place for the year 1892 to one Ben
Lomax, and that the rent contract was evidenced by a
promissory note to that effect, which they had seen.
The note itself had been transferred by the defendant
to other parties. It was not produced, and the follow-
ing foundation was laid for proof of its contents by the
person who had it in possession, to-wit: " The pros-
ecuting attorney came over about an hour ago, and
asked us to look for the rent note given by Ben Lomax
to W. C. Wilburn for 1892. We have made as thorough

2. When sec-
ondary evi-
dence of lost
instrument
admissible.

a search for it as the limited time would admit of, but could not say that we have made a thorough search. My father made most of the search. In fact, I, myself, made but little. He looked for the note where it would most likely be found, but not through all our papers. I think the note must be among our papers, and that by a further search we might possibly find it.''

The production of the note itself in this case was very material to defendant. The charge in the indictment was that he represented himself as the owner of the crop growing on his place for the year 1892, when in truth and in fact he was not the owner. If, as witnesses testified, he had rented the entire place to Ben Lomax, and Lomax had taken possession and made the crop, then Lomax was the owner, and not the defendant. The testimony of these witnesses as to the contents of the note tended strongly to prove that the representation of the defendant as to being the owner of the crop on his place was false. This fact had to be shown before defendant could be convicted. The defendant himself said that the rent note, if produced, would show that he had rented to Lomax only a portion of his place. Under these circumstances, it was highly prejudicial to the defendant to allow proof of the contents of the note without a sufficient foundation for its introduction. Was the foundation sufficient? Mr. Greenleaf, on this subject, says : ''What degree of diligence in the search is necessary it is not easy to define, as each case depends much on its peculiar circumstances ; and the question whether the loss of the instrument is sufficiently proved to admit secondary evidence of its contents is to be determined by the court, and not by the jury. But it seems that, in general, the party is expected to show that he has in good faith exhausted, in a reasonable degree, all the sources of information and means of discovery which the nature of the case would naturally

suggest, and which were accessible to him.   It should be recollected that the object of the proof is merely to establish a reasonable presumption of the loss of the instrument, and that this is a preliminary inquiry addressed to the discretion of the judge." 1 Gr. Ev. sec. 558.

Like all other questions addressed to the discretion of the judge, a reversal will result only where there is shown to be an abuse of discretion which substantially prejudiced the rights of the party complaining.   As to whether the error in allowing proof of the contents of the note upon the foundation laid in this case would have alone reversed the judgment, it is unnecessary to decide, as the case must go back on the point mentioned.   But we do say that, in view of the vital importance to the defendant of the production of the note, if in existence, the diligence exercised in this case to produce the note does not measure up to the standard which the learned circuit judge should have required.

The written instructions presented in the record as given and refused were not germane to the issue before the court, as they both related to a landlord's lien, which, it is alleged, was created by Wilburn in favor of the firm of Davis & Co., and existed at the time of the mortgage to Derrick.   The indictment alleges that the defendant feloniously and falsely represented *that he was the owner of the crop*.   A discusssion of these instructions is therefore unnecessary under this indictment.

Reversed and remanded for a new trial.