## MOORE *v.* STATE.

### Opinion delivered January 30, 1922.

1. CRIMINAL LAW—ARGUMENT OF PROSECUTING ATTORNEY.—In a prosecution for manufacturing intoxicating liquors, it was prejudicial error to permit the prosecuting attorney to state to the jury that defendant's attorney, in defending another person accused of operating the same still, had argued that this defendant, and not the defendant in that case, was the guilty person, both because the statement was not based upon the evidence, and because defendant's attorney had no authority to bind him by admissions made in a case to which he was not a party.

2. CRIMINAL LAW—EVIDENCE—STATEMENTS IN DEFENDANT'S ABSENCE.—The statements of a third person, made in accused's absence, are not admissible against him.

3. CRIMINAL LAW—EVIDENCE.—Since proof of damaging statements made in defendant's presence are admissible only when not denied by him, such statements are incompetent even though made in his presence where he denied their truth.

Appeal from Hempstead Circuit Court, *George R. Haynie,* Judge; reversed.

*Steve Carrigan,* for appellant.

Instruction No. 3 should have been given in full. It was error for the court to modify it. 34 Ark. 756; 93 Ark. 316; 120 Ark. 494.

The argument of the prosecuting attorney was improper and prejudicial. 141 Ark. 442; 58 Ark. 481; 58 Ark 368; 138 Ark. 517.

*J. S. Utley,* Attorney General; *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

Even if the argument of the prosecuting attorney was improper, it was not prejudicial. 73 Ark. 453; 74

Ark. 256; 100 Ark. 437; 86 Ark. 600; 93 Ark. 564; 34 Ark. 649; 95 Ark. 321.

SMITH, J. Appellant was convicted of manufacturing intoxicating liquors, and has appealed.

In his concluding argument the prosecuting attorney made the following statement:

"Gentlemen of the jury, I am somewhat tickled and amused at my friend Carrigan, when he argues this case and says that Badge Moore is not guilty of putting up or running or having the still in this case. Carrigan tries to get the jury to think that Jim Thomas was the one who put up the still and had it and run it. This sounds funny to me when I think that the other day when we tried Jim Thomas for having this still, and Carrigan was defending him, that he argued to that jury then that Thomas did not have anything to do with the still, and said that Badge Moore, this defendant, was the closest man to the still, and that if any one knew about the still it was this defendant, Badge Moore. Now, when we are trying Badge Moore, and the shoe is on the other foot, Carrigan now says that Thomas was the man who had the still, and knew about it, and Badge Moore had nothing to do with it. This is a funny argument to me, gentlemen of the jury."

The record shows that "the defendant at the time objected to this argument of the prosecuting attorney, and asked the court to instruct the jury not to consider the same, for the reason that there is no evidence before the jury that Jim Thomas was tried for running this still, that there is no evidence before this jury that Carrigan defended him, that there is no evidence before this jury that Carrigan made an argument in that case that Badge Moore set up, owned and run the still in this case or had anything to do with it.

"And further the defendant asked the court to instruct the jury not to consider the argument of the prosecuting attorney, and to reprimand the prosecuting attorney for making this argument to the jury. The court

overruled the defendant's objection to this argument, and refused to instruct the jury not to consider the argument of the prosecuting attorney, and refused to reprimand the prosecuting attorney for making this argument.''

The testimony on the part of the prosecution was to the effect that the sheriff, with some deputies, found a still in actual operation on the farm of a white man named Jim Thomas. Appellant was a tenant on this farm, and the still was located about 150 to 300 yards from his house, the testimony of the witnesses varying as to the distance. The sheriff testified that the still could have been seen from appellant's house but for the fact that there was a pine thicket between the still and the house. As the officers approached the still, they saw a white man and two colored men running away from the still. A wagon track was found leading from the still to Thomas' house; and a black ring was found in the wagon bed which had apparently been made while the still was in the wagon. Other circumstances strongly connected Thomas with the operation of the still. A pair of overalls was found at the still, and in one of the pockets a ticket was found showing the sale of a load of cotton seed to the oil mill at Hope, which was made out in the name of Thomas, and, over appellant's objection, the sheriff was permitted to testify that he showed Thomas the overalls, and asked him whose they were, and that Thomas said the overalls belonged to appellant, and explained that the ticket had been made out in his own name, rather than in the name of appellant, because he had told appellant a better price could be obtained for the seed if they were sold as belonging to him, rather than to appellant. This conversation between the sheriff and Thomas occurred in the absence of appellant, and when appellant was asked about the overalls he denied that they were his.

We think the argument of the prosecuting attorney was improper and prejudicial, and that the court erred in not telling the jury to disregard it.

The record before us makes a stronger case against Thomas than it does against appellant, although it is legally sufficient to sustain the conviction against appellant. But there was no testimony to support the argument made by the prosecuting attorney. It is true the same attorney represented both Thomas and appellant; but they were separately tried, and the **attorney**, in defending Thomas, had no right to make admissions against appellant's interest; yet the necessary effect of the statement set out above was to admit the guilt of appellant. The prosecuting attorney would not have been allowed to prove, in appellant's trial, the admissions of his attorney made in the defense of Thomas as Thomas' attorney; and yet the statements were made by him without any testimony having been offered on which to base them.

The statement of the prosecuting attorney does not constitute a mere expression of an opinion as to appellant's guilt. It goes further and practically represents appellant's attorney as having admitted appellant's guilt in the trial of another person charged with the commission of the same crime. This the attorney had no right to do, and the court should have told the jury to disregard the statement of the prosecuting attorney.

We think error was committed in admitting the testimony of the sheriff in regard to Thomas' statement about the overalls, made in appellant's absence. Proof of damaging statements against an accused person, made in the presence of the accused, are admitted upon the theory that the jury might find that the silence of the accused, in the face of accusation, was a tacit admission. Of course, such testimony might, or might not, have this probative value, the circumstances of the case being such that the jury might find that the accused was not called upon to make denial; but this would be a question for the jury under the circumstances of each particular case. Here, however, Thomas' statement was not only made in appellant's absence, but was denied by appellant as soon as he was advised the statement had been made. If

Thomas had been called as a witness, it would not have been improper to allow him to testify that the overalls belonged to appellant and that he had directed appellant to sell the seed in his (Thomas') name; but Thomas did not testify at the trial, and the testimony objected to was a repetition of a statement made by Thomas at the time of his arrest in the absence of appellant. But, even if the statement of Thomas had been made in appellant's presence, it would have been incompetent because appellant denied making it. This was erroneous, and we think it prejudicial. *Davis* v. *State,* 141 Ark. 170; *Bloomer* v. *State,* 75 Ark. 297; *Housley* v. *State,* 143 Ark. 315; *Hines* v. *Patterson,* 146 Ark. 367.

Other errors were assigned; but we do not think them of sufficient importance to require discussion.

For the errors indicated the judgment is reversed, and the cause remanded.