MARTIN *v.* STATE.

Opinion delivered May 21, 1928.

*Clary & Ball,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McHANEY, J.   Appellant was indicted, tried and convicted for manufacturing alcoholic liquor, and sentenced to one year in the penitentiary.   He specifies one error of the court on which he relies for a reversal of this case, relating to the admission of certain testimony of Sheriff John C. Lee, wherein the witness Lee was permitted to testify, over appellant's objection, to a certain conversation he had at the still with one Tom Copeland, to the effect that 20 of the 26 barrels of the mash found at the still was appellant's mash, and that he had run two barrels of appellant's mash that morning.   This testimony was objected to on the ground that the witness did not say positively that appellant heard the conversation. But the witness did testify positively that appellant was present, and that he could have heard the conversation.

The court refused to permit the sheriff to testify to another conversation with Tom Copeland, which was had to one side, and which appellant did not hear, but he permitted the witness to testify to that part of the conversation where appellant was present, and either did hear or could have heard it.

Tom Copeland and appellant were accomplices in the commission of crime, and it is a general rule that the

statements of one accomplice made in the presence and hearing of another, which are not contradicted by him, are admissible in evidence against him as an admission on his part for his failure to contradict them. *Polk* v. *State*, 45 Ark. 165; *Ford* v. *State*, 34 Ark. 654.

In *Polk* v. *State, supra*, this court said:

"On the trial of both defendants, certain statements, in the nature of confessions, made by Henry Polk, were admitted against objections. Any voluntary statement made by Henry, and tending to show he knew something of the matter, was proper evidence against him. And if made in the presence of Sylvester, and uncontradicted by him, they are also receivable against him, as a tacit admission inferred from his acquiescence in the verbal statement of another. But such implied admissions are to be received with great caution, affording, at best, but a weak presumption of guilt. *Ford* v. *State*, 34 Ark. 654; *Williams* v. *State*, 42 Ark. 382."

In *Thomas* v. *State*, 161 Ark. 644, 257 S. W. 376, a dying declaration by the deceased, to the effect that the shooting by defendant was not accidental, was held to be admissible; where it was shown to have been made in defendant's presence and defendant made no response thereto.

In *Stroud* v. *State*, 167 Ark. 502, 268 S. W. 850, this court held that the acts and declarations of a conspirator, done or made after the accomplishment of the enterprise, are not admissible against co-conspirators, unless done or made in their presence.

Here the sheriff testified to that part of the conversation he had with the witness Copeland, which was made in the presence and hearing of appellant, and it was therefore admissible. Appellant did not deny that such conversation was had between the sheriff and his co-conspirator or accomplice, Tom Copeland, and did not deny that he heard same. Moreover, the witness, Tom Copeland, testified as follows:

"Q. Did you point out anything there? A. Yes sir; I showed Mr. Lee which were my barrels and which were Mr. Martin's. Q. How many were yours? A. Six. Q. How many were Mr. Martin's? A. Twenty were Mr. Martin's. By the court: Where was Martin when you pointed to Mr. Lee the six that were yours, and the twenty that were Mr. Martin's? A. He was standing there."

Therefore, even though it might be said that the testimony was inadmissible, still it would not be prejudicial, as the witness Copeland testified to substantially the same thing, without objection from appellant.

Judgment affirmed.