HAWTHORN *v.* STATE.

4348                                           178 S. W. 2d 490

Opinion delivered February 28, 1944.

1010

*H. B. Means,* for appellant.

*Guy E. Williams,* Attorney General and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

ROBINS, J.   Appellant, J. G. Hawthorn, was convicted by a jury of the offense of forgery, and, from judgment sentencing him to imprisonment in the penitentiary for two years, has appealed.  The information upon which he was tried, omitting the formal portion thereof, was as follows:

"The said defendant on the 15th day of March, 1943, in Hot Spring county, Arkansas, did unlawfully, fraudulently and feloniously forge and counterfeit a certain writing on paper purporting to be a valid check, the words and figures as follows, to-wit:

"Hot Springs

"National Park, Ark., 3-15   1943   No................

"Arkansas Trust Company       81-51

"Pay to the Order of Cash                    $2,600.00

"Twenty Six Hundred                          Dollars

"J. G. Hawthorn

"the back of which was indorsed as follows: Pay to the Order of National Bank, Malvern, Arkansas.

Hodges & Co.

"with intent then and there fraudulently and feloniously to obtain the possession of money of the Malvern National Bank and H. H. Hodges against the peace and dignity of the State of Arkansas."

The testimony is undisputed that the check described in the information was presented to the Malvern National Bank by appellant, and that the bank thereupon paid appellant the sum of $2,600 thereon, and that thereafter the check was transmitted by the Malvern National

Bank to the drawee, Arkansas Trust Company of Hot Springs, and that the drawee refused payment thereon because appellant did not have sufficient funds on deposit with it, and that appellant gave Hodges & Company, whose indorsement appeared on the check, a mortgage to secure the amount thereof, but has failed to repay the entire amount. The indorsement of Hodges & Company on this check was made with a rubber stamp, but H. H. Hodges (who did business under the firm name of Hodges & Company) testified that he did not indorse this check and did not authorize the use of the rubber stamp thereon. One of Mr. Hodges' employees testified that, at the time the trouble came up about this check, the rubber stamp was not at Mr. Hodges' store. Mr. Hodges testified that he was not at Malvern the day the check was said to have been indorsed, but was absent attending court in Hot Springs. The sheriff testified that after he arrested appellant Mr. Hodges went up in the jail and said to appellant: "Hawthorne, you know that I didn't indorse those checks. I was in Hot Springs and couldn't have cashed them"; that appellant did not deny Mr. Hodges' statement, but, during the conversation, appellant said: "If you will give me a chance, I will pay it back."

Appellant testified that Hodges did indorse the check in question with the rubber stamp as he had done numerous similar checks before, and there was some corroboration of appellant's testimony as to this phase of the matter.

## I.

Appellant urges that the lower court should have directed a verdict for the defendant at the close of the state's evidence because there was no proof that the rubber stamp used in indorsing the check was ever in the possession of appellant. But the testimony on behalf of the state was to the effect that Mr. Hodges did not make the indorsement himself and did not authorize it to be made; that the stamp which was used was lost or out of the possession of Hodges & Company at the time the check was negotiated, and that appellant himself pre-

sented the check and collected it at the Malvern bank. In view of this testimony the jury had a right to find that appellant wrongfully made the indorsement himself.

## II.

It is next contended that the court erred in permitting the sheriff to testify as to statements made to appellant by Mr. Hodges and to prove that appellant did not deny Mr. Hodges' statement to the effect that appellant knew that Hodges did not indorse the check. This testimony was admissible.

"Proof of damaging statements against an accused person, made in the presence of the accused, are admitted on the theory that the jury might find that the silence of accused in the face of accusation was a tacit admission." (Headnote) *Moore* v. *State,* 151 Ark. 515, 236 S. W. 846.

## III.

It is next urged by counsel for appellant that, inasmuch as appellant was indicted for forging a check and it was conceded that the face of the check was written out and signed by appellant, using his own name, appellant could not be convicted of forgery of the indorsement on the check under this information, and, in support of this contention, the opinion of this court in the case of *Crossland* v. *State,* 77 Ark. 537, 92 S. W. 776, is cited.

That decision was rendered prior to the adoption of Initiated Act No. 3, entitled "An Act to Amend, Modify and Improve Judicial Procedure and the Criminal Law, and for Other Purposes." Acts of 1937, p. 1384. Under the law, as it was at the time this decision was rendered, the statute required (§ 3028 of Crawford & Moses' Digest) that the indictment contain "A statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended." But the initiated act referred to, in setting forth the requirements of an indictment, provides: "It shall not be necessary to include a statement of the act or acts constituting the offense, unless the offense cannot be charged

without doing so." (§ 3851 of Pope's Digest.) While an attempt to amend § 3851 of Pope's Digest was made in the General Assembly of 1943 (See Acts of 1943, p. 800) this amendatory act failed of passage because it did not receive the two-thirds vote required by the constitution to amend an initiated act.

Now the information under consideration here charged appellant with the offense of forgery and it charged that he forged "a certain forged and counterfeited writing on paper purporting to be a valid check . . . in words and figures as follows," and immediately following there was set forth in the information an exact copy of the check, together with the indorsement.

In view of the fact that it is no longer required that the acts constituting the offense be set forth, "unless the offense cannot be charged without doing so," and it appearing that, by the information, the offense of forgery "of a certain . . . writing on paper," which was then set forth in *haec verba* and which included the indorsement, was charged, we hold that the information was sufficient to charge appellant with the offense of forging the indorsement on this check.

No error appearing, the judgment of the lower court is affirmed.