LEE H. BURFORD *v.* STATE

5251                                             413 S. W. 2d 670

Opinion delivered April 17, 1967

*Skillman* & *Burrow,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. Lee H. Burford was convicted in the Crittendon County Circuit Court and sentenced to three years in the state penitentiary for the crime of sodomy, consisting of an unnatural sex act with one David Arthur Paris.

Burford has appealed to this court and relies on the following three points for reversal:

"1. The Circuit Court of Crittenden County, Arkansas erred in denying motion of the Appellant for directed verdict, upon conclusion of the State's case in chief and at the close of evidence on behalf of Appellant, as a matter of law, there being no corroboration of the commission of the criminal offense charged.

"2. The court erred in permitting certain testimony of witness David Gunn to be admitted into evidence over objection of Appellant.

"3. The Circuit Judge committed error in permitting the jury to return for instructions of the Court as to whether or not, if the defendant was found guilty, they could permit the court to fix punishment which clearly indicated the jury could not agree on a verdict, and the court should have declared a mistrial."

The record in the case presents the following facts:

About 11:00 p.m. on December 4, 1965, the appellant met Paris in Memphis, Tennessee. They drove

across the river to Arkansas in appellant's station wagon automobile and the vehicle was parked on a little used side road under the Arkansas end of the Mississippi River bridge.

About 11:00 or 12:00 p.m. officers Busby and Gunn of the Arkansas State Police, while patroling the area came upon the defendant's parked automobile. Seeing no one in the parked station wagon, the officers directed the beam of a flashlight into the station wagon and found the defendant and Paris naked from the waist down lying on their sides in the seat of the station wagon with the appellant lying behind and close against Paris. Both men were arrested and charged with sodomy.

Paris entered a plea of guilty and he testified as a state's witness at the trial of appellant. Paris testified in detail as to an act of sodomy committed on him by appellant, including penetration of the body as required by Ark. Stat. Ann. § 41-814 (Repl. 1964).

Appellant's first point is without merit. The crime of sodomy may be proven by circumstantial evidence only. *Hudspeth* v. *State,* 194 Ark. 576, 108 S. W. 2d 1085. Certainly no higher degree of evidence is required in corroborating the testimony of an accomplice than is required for conviction. In the case of *Beasley* v. *State,* 219 Ark. 452, 242, S. W. 2d 961, this court said:

> "The rule in this state is that the corroborating evidence need only tend to connect the defendant with the commission of the offense, and not that such evidence of itself be sufficient, and where there is sufficient evidence tending to connect the defendant with the offense, its sufficiency is a question for the jury, together with that of the accomplice."

Appellant's second point is also without merit.

The accomplice, David Paris, admitted to officer Gunn what had transpired in the appellant's automobile. The appellant stood about seven feet away when the

admission was made and the appellant remained silent. Paris testified to later statements made by appellant in jail which indicated appellant had heard Paris make the first statement. The admission of this evidence was not error.

In the case of *Moore* v. *State,* 151 Ark. 515, 236 S. W. 846, a statement offered in evidence *was not* made in the presence of the defendant and a *denial was made* by the defendant as soon as he heard about the statement, but in that case this court said:

> "Proof of damaging statements against an accused person, made in the presence of the accused, are admitted upon the theory that the jury might find that the silence of the accused, in the face of accusation was a tacit admission. Of course, such testimony might, or might not, have the probative value, the circumstances of the case being such that the jury might find that the accused was not called upon to make denial; but this would be a question for the jury under the circumstances of each particular case. Here, however, Thomas' statement was made not only in appellant's absence, but was denied by appellant as soon as he was advised the statement had been made."

See also *Martin* v. *State,* 177 Ark. 379, 6 S. W. 2d 293; *Polk* v. *State,* 45 Ark. 165; and *Sheptine* v. *State,* 133 Ark. 239, 202 S. W. 225.

As to appellant's third point, Ark. Stat. Ann. § 43-2306 (Repl. 1964), states as follows:

> "Court to fix punishment.—When a jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment in their verdict, or if they assess a punishment not authorized by law, and in all cases of a judgment on confession, the court shall assess and

declare the punishment, and render judgment accordingly.''

In case of *Ward* v. *State*, 236 Ark. 878, 370 S. W. 2d 425, the trial court instructed, along with other instructions when the case was submitted to the jury, that if the jury was unable to set a punishment, the court would do so. This court laid down the following rule— holding the above practice to be error.

"Thus, it appears, we have not previously announced any required rule in this regard to guide the trial courts. So, after careful consideration, we now hold that the jury should not be told *initially* they can let the court impose the punishment but should be told only *after* they report they have reached a verdict of guilty but are unable to agree on the punishment to be imposed." (emphasis supplied).

We are of the opinion that the jury had reached its verdict on the guilt of the appellant when the inquiry complained of by appellant was made by the juror. We find no error in the court's answer to this inquiry.

The judgment of the trial court is affirmed.

Affirmed.

Fogleman, J., disqualified.