SAM MACK SNIDER JR. *v.* STATE

5257                                        415 S. W. 2d 53

Opinion delivered May 29, 1967

*McKnight & Blackburn,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. General, for appellee.

J. FRED JONES, Justice. Appellant Sam Mack Snider, Jr. was charged on information filed by the prosecuting attorney in Cross County with the crimes of forgery and uttering. He was tried before a jury in Circuit Court, convicted on both counts and sentenced to four years in the penitentiary on each count.

On appeal to this court appellant relies on the following two points for reversal:

"1. The lower court erred in refusing to direct a verdict at the close of the case in favor of Appellant on the grounds that there is a fatal variation between the Information and the proof in that the Information charged the Defendant with forging and uttering a check made payable to the order of 'F and J Hardware, Parkin, Arkansas,' and the only check introduced into evidence alleged to be forged by the Defendant was made payable to the order of 'Mrs. Ralph Johnson.'"

"2. The lower court erred in refusing to grant Appellant's motion for a directed verdict at the close of the case in that the evidence to convict the Defendant was inadequate. The only evidence linking the Defendant with the crime of forgery and uttering was the testimony of Geneva Dulaney, an accomplice."

The facts are briefly as follows: The appellant met Geneva Dulaney on a street corner in Louisville, Kentucky. They drank some beer together and then traveled to Memphis, Tennessee, in an automobile driven by appellant, to visit appellant's daughter. They then drove to Parkin in Cross County and had been in Parkin two days, staying in the home of one Elizabeth Smith, when appellant was arrested.

While sitting in an automobile in Parkin, appellant wrote a check on the Cross County Bank made payable to the order of Mrs. Ralph Johnson for $20.00, and signed the check "Ralph Johnson." He gave the check to Mrs. Dunlaney and she attempted to cash it at a grocery store, where the blank check form had been obtained a few minutes earlier by one of Mrs. Smith's children. Being unable to cash the check at the grocery store, Dulaney returned to the automobile and so advised the appellant. He directed her to try cashing the check some other place, and told her that the check was good. Dulaney then proceeded directly to the F & J Hardware store in Parkin where she purchased a lawn sprinkler and some hedge shears. She paid for these items with the check and received approximately $14.00 in change. Mrs. Dulaney gave the change to the appellant who purchased some whiskey with part of the money on their return from the hardware store to Mrs. Smith's house. Ralph Johnson had no account in the Cross County Bank, neither did the appellant have an account in the bank. The appellant, as well as Mrs. Dulaney, was arrested at a filling station in Wynn.

Both the appellant and Geneva Dulaney were

charged by information with the crimes of forgery and uttering. Dulaney entered a plea of guilty to uttering and was given a five year suspended sentence. She testified as a witness for the State in appellant's trial.

The appellant had been sentenced to the penitentiary on two previous occasions for forgery and uttering in Cross County and was identified at the trial by the Sheriff of Cross County who had known him as "John Mack Snider" since 1947.

The information upon which the appellant was charged alleged the crime of forgery and uttering committed as follows:

> "The said defendant on or about the 20th day of July, 1966, Cross County, Arkansas, did unlawfully, fraudulently and feloniously forge and counterfeit a certain writing on paper purporting to be a check on Cross County Bank, which said writing on paper was and is in words and figures as follows, to wit:
>
>> "Pay to the order of F & J Hardware, Parkin Arkansas of date July 20, 1966, in the sum of $20.00 and signed Ralph Johnson
>
> with the unlawful, fraudulent and felonious intent then and there to obtain possession of the money and property of the said F & J Hardware, Parkin, Arkansas, and after forging said check did utter and publish as true to F & J Hardware, Parkin, Arkansas a certain forged and counterfeited writing on paper purporting to be a check on the Cross County Bank, as above; the said Sam Mack Snider, Jr. and Geneva Dulaney well knowing at the time they uttered said writing on paper as aforesaid that it was forged, counterfeited and not genuine."

At the close of the evidence offered by the State, the appellant's attorney moved for an instructed verdict as follows:

"MR. SHAVER: Like to move for an instructed verdict on the basis the State failed to make a case on the basis of forgery, which they have him charged with.

THE COURT: Motion denied.

MR. SHAVER: Exception."

A motion for a new trial was filed by appellant as follows:

"Comes the defendant, by his attorneys, Shaver & Shaver, and files his motion for a new trial stating:

"That the verdict of Guilty returned by the jury should be set aside and the Defendant granted a new trial for the following reasons:

1. That the verdict is contrary to the law and evidence;

2. That there is no evidence to support the verdict; and

3. That the Court erred in over-ruling the defendant's motion to instruct a verdict for the Defendant because there was no legal evidence or inferences to be drawn from said evidence that the defendant was guilty of forgery or uttering a check on July 20th, 1966 as alleged by the State.

"WHEREFORE, Defendant prays that said verdict be set aside and that he be granted a new trial."

In support of his first point, appellant argues that the lower court erred in refusing to direct a verdict in favor of appellant at the close of the State's case, on the grounds that there is a fatal variation between the information and the proof in that the information charged the appellant with forging and uttering a check made payable to order of F & J Hardware, Parkin, Arkansas,

and the only check introduced into evidence, and which was alleged to be forged by the appellant, was made payable to the order of Mrs. Ralph Johnson. Appellant cites *Houston* v. *State,* 66 Ark. 120, 49 S. W. 351, and *Wilburn* v. *State,* 60 Ark. 141, 29 S. W. 149, in support of this contention, but these cases were decided prior to the adoption of initiated Act No. 3 in 1936.

Prior to the adoption of initiated Act No. 3, the language of an indictment required,

"A statement of the Acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." 3328 C & M Digest.

Since the adoption of initiated Act No. 3, and because thereof, the contents of an indictment as set out in Ark. Stat. Ann. § 43-1006 (Repl. 1964) are now as follows:

"The language of the indictment must be certain as to the title of the prosecution, the name of the court in which the indictment is presented, and the name of the parties. *It shall not be necessary to include statement of the act or acts constituting the offense, unless the offense cannot be charged without doing so.* Nor shall it be necessary to allege that the act or acts constituting the offense were done wilfully, unlawfully, feloniously, maliciously, deliberately or with premeditation, but the name of the offense charged in the indictment shall carry with it all such allegations. The State, upon request of the defendant, shall file a bill of particulars, setting out the act or acts upon which it relies for conviction." (Emphasis supplied).

Appellant in the case at bar did not request a bill of particulars and although the information charged forgry of a check made payable "to the order of F & J Hardware," and proved the forgery of a check made payable to "Mrs. Ralph Johnson," the appellant made

no objection to the introduction of this check into evidence in proof of the crime of forgery and uttering with which he was charged.

We are of the opinion that the appellant knew what check he was charged with forging and knew that it was the check offered in evidence. We conclude, therefore, that the trial court did not err in refusing to direct a verdict for the appellant at the close of the evidence produced by the State.

As to appellant's second point, no objection was offered to the testimony of Geneva Dulaney except one objection as to the hearsay nature of evidence offered as to what the witness, Mrs. Dulaney, had told appellant about her husband. Appellant requested no instructions on testimony of an accomplice, and no objection on this point was brought forward in appellant's motion for a new trial or in a bill of exceptions. The point is raised for the first time in appellant's brief in this court on appeal, but we might add, however, that we consider the testimony of Geneva Dulaney sufficiently corroborated by the other evidence offered by the State to support the conviction in this case. *Beasley* v· *State*, 219 Ark. 542, 242 S. W. 2d 961; *Burford* v. *State,* 242 Ark. 377.

Finding no errors, the judgment of the trial court is hereby affirmed.

Affirmed.

FOGLEMAN, J., disqualified and not participating.