## J. C. WARREN *v.* STATE of Arkansas

5577                                    464 S. W. 2d 564

Opinion delivered March 22, 1971

*Donald B. Kendall,* for appellant.

*Ray Thornton,* Attorney General; *Milton Lueken,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant J. C. Warren was charged by information with burglary and grand larceny. The jury found him guilty on both counts as well as under the habitual criminal statute, Ark. Stat. Ann. § 43-2328 (Supp. 1969). For reversal of his 21 year sentence he relies upon the following points:

"1. Information charging the appellant with the crimes of burglary and grand larceny stated that the appellant stole $154.00. The State failed to prove that the appellant stole $154.00, and, therefore, the verdict was contrary to the law and the evidence.

2. The prosecutor, in his closing argument, held in his hand a hammer which he attempted to get

into evidence during the trial and argued to the jury that this hammer could have been used in the breaking and entering of the grocery store. Since this hammer had been excluded as admissible evidence during the trial, this argument was prejudicial to the appellant and, therefore, the verdict of the jury was contrary to the law."

The proof shows that an officer apprehended appellant as he was leaving the broken door of the Stack Mart Grocery owned by John Shasteen. Appellant went directly to an automobile and attempted to flee from the officers. After a high speed chase he was finally stoppped. In his back pocket was a hammer and on the car's floor board was a green money bag from Farmers and Merchants Bank containing $93.60. John Shasteen identified the money bag from the coins and some correspondence left therein.

The appellant, relying upon cases such as *Wilburn* v. *State,* 60 Ark. 141, 29 S. W. 149 (1895) and *Starchman* v. *State,* 62 Ark. 538, 36 S. W. 940 (1896) argues that since the information charged larceny of $154.00 and the proof showed only $93.60 taken, the evidence is insufficient to support the charge. We find no merit in the contention. Such a variance would have been reversible error before Initiated Act No. 3 of 1936. See *Underwood* v. *State,* 205 Ark. 864, 171 S. W. 2d 304 (1943). However since that time a variance between the charge and the proof, which does not tend to prejudice the substantial rights of the defendant on the merits, has not been fatal. Ark. Stat. Ann. § 43-1012 (Repl. 1964).

Under Ark. Stat. Ann. § 41-3907 (Repl. 1964), larceny is a felony when the value of the property stolen exceeds $35.00. Thus when, as here, the money taken exceeds $35.00, we are at a loss to understand how appellant's rights were prejudiced because the proof showed that less money was taken than was charged.

Appellant's last point, relative to the hammer, was not brought forth in his motion for new trial. There-

fore, we do not reach this issue for the first time on appeal. *Yarbrough* v. *State*, 206 Ark. 549, 176 S. W. 2d 702 (1944).

Affirmed.