## Joe WILSON v. CITY OF PINE BLUFF

CA CR 82-26                                          641 S.W.2d 33

Court of Appeals of Arkansas
Opinion delivered November 3, 1982

*Thurman Ragar, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was charged with criminal trespass, in violation of Ark. Stat. Ann. § 41-2004 (Repl. 1977). He was convicted in the Municipal Court of Pine Bluff, Arkansas, and he appealed that decision to the Jefferson County Circuit Court. The appellant waived his right to a jury trial. After a trial *de novo,* he was found guilty and was fined $75.00 plus costs. From that decision, comes this appeal.

## THE FACTS

On June 13, 1981, two Pine Bluff police officers, in response to radio instructions, went to a residence at 5704 Cheatham Street in Pine Bluff. Upon their arrival, they observed an injured woman being placed in an ambulance for transport to a hospital. The officers entered the residence to investigate the situation.

Inside the residence, the officers found the appellant and an unidentified woman. The officers testified that the woman claimed to live in the residence, and that she wanted the appellant to leave. They stated that the appellant did not respond to the woman's statement concerning her occupancy of the residence, even though he heard it. They further testified that the appellant stated that he was not going to leave the residence.

The officers testified that they explained to the appellant that if the woman wanted him to leave, then he would have to do so, or be arrested for criminal trespass. The

officers verified that the woman did want the appellant to leave, and they requested that he do so on several occasions. The appellant refused to leave, and he was arrested for criminal trespass. The testimony shows that the appellant never claimed any possessory or ownership right to the premises.

## THE ADMISSIBILITY OF THE EVIDENCE

Arkansas Statutes Annotated § 41-2004 (Repl. 1977) provides that the offense of criminal trespass is committed when an individual purposely enters or remains unlawfully on the premises of another person. The appellant argues that the only evidence which proved that the premises belonged to another person was the hearsay testimony of the officers concerning the woman's statements, and that this testimony was inadmissible hearsay. The appellant made a timely objection to the testimony, and the trial court ruled that the statements made by the woman, as testified to by the officers, were admissible as an adoptive admission of a party-opponent.

The Uniform Rules of Evidence, Rule 801 (d) (2) (ii), Ark. Stat. Ann. § 28-1001 (Repl. 1979), provides that a statement is not hearsay if the statement is offered against a party and is a statement of which that party has manifested his adoption or belief in its truth. Prior to the adoption of this rule, Arkansas law recognized a "tacit admission" as an exception to the hearsay rule. Under that exception, proof of damaging statements against an accused, made in his presence, were admissible in evidence, on the theory that the jury might find that the silence of the accused in the face of the accusation was a tacit admission. *Burford v. State*, 242 Ark. 377, 413 S.W.2d 670 (1967); *Moore v. State*, 151 Ark. 515, 236 S.W. 846 (1922). Before hearsay evidence of an implied admission could fit within this exception, it must have been shown that the accused heard the statement, that he understood it, and that he failed to deny it. *Kagen v. State*, 232 Ark. 189, 334 S.W.2d 865 (1960).

The sole question in determining whether statements made by another person are admissible against a party as an

admission by silence or acquiescence is whether a reasonable person, under the circumstances, would naturally have been expected to deny them, if the statements were untrue.[1] Some of the factors which should be considered in determining whether a party has impliedly admitted the statements are:

> (1) The statement must have been heard by the party against whom it is offered;

> (2) it must have been understood by him;

> (3) the subject matter must have been within his personal knowledge;

> (4) he must have been physically and psychologically able to speak;

> (5) the speaker or his relationship to the party or event must be such as to reasonably expect a denial; and

> (6) the statement itself must be such that, if untrue, under the circumstances, it would have been denied.

Others factors besides these may need to be considered, depending on the facts of a particular case. *See,* 4 J. Wigmore, Evidence § 1071-1073 (Chadbourn rev. 1972); C. McCormick, The Law of Evidence § 270 (2d ed. 1972).

The Uniform Rules of Evidence, Rule 801 (d) (2) (ii), as adopted by the State of Arkansas, is identical to the Federal Rules of Evidence, Rule 801 (d) (2) (B). The manner in which the federal courts have applied their rule is helpful.

The federal cases indicate that before a statement can fall under the adoption admission rule, the trial court must

---

[1]Silence by an accused or a claim of his Fifth Amendment right to remain silent made in response to a police accusation during custodial interrogation is inadmissible. *Doyle* v. *Ohio,* 426 U.S. 610, 96 S. Ct. 2240, 49 L.Ed.2d 91 (1976). Even silence by an accused in response to incriminating statements made by a third person, while he was in police custody and before he was advised of his Fifth Amendment right to remain silent, is inadmissible. *Kagebein* v. *State,* 254 Ark. 904, 496 S.W.2d 435 (1973).

find that sufficient foundational facts have been introduced so that the jury can reasonably infer that the accused heard and understood the statement and that the statement was such that, under the circumstances, if the accused were innocent he would normally respond. *United States v. Fortes,* 619 F.2d 108 (1st Cir. 1980); *United States v. Moore,* 522 F.2d 1068 (9th Cir. 1976), *cert. denied,* 423 U.S. 1049, 96 S. Ct. 775, 46 L.Ed.2d 637 (1976). Once a foundation has been established, the question is left to the jury to determine whether the accused acquiesced in the statement.[2] *United States v. Moore, supra.*

The procedure used by the federal courts in applying Rule 801 is appropriate to use in applying our rule, since it is entirely consistent with the approach followed in applying the "tacit admission" exception to the hearsay rule under prior Arkansas law. *Moore v. State, supra.*

In the case at bar, the testimony indicates that the appellant was present, and in fact was within two feet of the officers and the woman, when the statements were made. Further, he made no comment or objection to the woman's claim of right to occupy the residence. On these facts, adequate foundational facts were presented to the trial court so as to render the statements admissible. The trier of fact could reasonably infer that the appellant heard and understood the woman's statements, and that, had her statements been untrue, he would have responded with either a denial or an explanation.

Preliminary questions regarding the admissibility of evidence are decided by the trial court, and the appellate court affirms such a decision unless it constitutes an abuse of discretion. Uniform Rules of Evidence, Rule 104 (a), (b), Ark. Stat. Ann. § 28-1001 (Repl. 1979); *Derring v. State,* 273 Ark. 347, 619 S.W.2d 644 (1981). We hold that the trial court did

---

[2]Even though a statement may be admissible under the adoptive admission rule, the trial court may still exclude such a statement if he finds that the probative value of the statement is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Uniform Rules of Evidence, Rule 403, Ark. Stat. Ann. § 28-1001 (Repl. 1979).

not abuse his discretion by ruling that the officer's testimony was admissible.

## THE RIGHT OF CONFRONTATION

The appellant also argues that he was denied his constitutional right of confrontation of his accusers by the admission of the woman's statements through the testimony of the police officers. The Sixth Amendment to the United States Constitution[3] and Article 2, § 10 of the Arkansas Constitution assure an accused the right to be confronted with the witnesses against him.

Although the rules of evidence concerning hearsay and the confrontation clause generally safeguard similar rights, the overlap is not complete. A violation of the confrontation clause may be found even though statements were admitted under recognized hearsay exceptions, or a violation of the confrontation clause may not be found even when the statements are admitted in violation of long-established hearsay rules. *California* v. *Green,* 399 U.S. 149, 90 S. Ct. 1930, 26 L.Ed.2d 489 (1970). Thus, the determination that the use of an extrajudicial statement is permissible under the rules of evidence does not resolve the constitutional question regarding the right of confrontation. *United States* v. *Rogers,* 549 F.2d 490 (8th Cir. 1976), *cert. denied,* 431 U.S. 918, 97 S. Ct. 2182, 53 L.Ed.2d 229 (1977).

The confrontation clause prevents the state from trying the defendant by using *ex parte* affidavits or depositions in lieu of examination and cross-examination of the witnesses in front of the trier of fact. *California* v. *Green, supra; Mattox* v. *United States,* 156 U.S. 237, 15 S. Ct. 337, 39 L.Ed. 409 (1895).

In the case at bar, it is the appellant's adoptive statement which is being used against him. While what is proved is the extrajudicial statement, the thing that proves it (the thing

[3]In *Pointer* v. *Texas,* 380 U.S. 400, 85 S. Ct. 1065, 13 L.Ed.2d 923 (1965), the United States Supreme Court ruled that the right of confrontation provided to an accused by the Sixth Amendment to the United States Constitution is applicable to the States by the Fourteenth Amendment.

that makes it evidence) is the action of the appellant. By his silence, he adopted the statement as if he had spoken it himself. The reliability of the statement does not depend on the credibility of the third party who is not present in court. The statements were heard by the two police officers, and appellant's reaction to the statements were observed by the officers. Appellant was able to confront these witnesses, and was not denied his constitutional right of confrontation guaranteed by the federal and state constitutions.

The judgment appealed from is affirmed.

Affirmed.