Willie THOMAS *v.* STATE of Arkansas

CA CR 83-141                                             663 S.W.2d 745

Court of Appeals of Arkansas
Division II
Opinion delivered February 1, 1984

Ken Cook, Deputy Public Defender, for appellant.

Steve Clark, Atty. Gen., by: Theodore Holder, Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant was convicted by a jury of theft of property and was sentenced to four years and six months in the Arkansas Department of Correction. From that conviction, comes this appeal.

On December 24, 1982, the appellant allegedly broke into and entered Mengarelli's store in Turrell, Arkansas, with the intent to commit theft. The appellant allegedly stole cigarettes valued at more than $100.00 with the intent

to deprive the owner of them. After taking the cigarettes from Mengarelli's, the appellant allegedly transported them to Ricky Jackson's cafe in Turrell, then known as the Arcade, and attempted to sell them.

At the appellant's trial, a witness for the State testified that an unidentified person standing next to the appellant said that the appellant had cigarettes for sale, and that the appellant did not deny or otherwise acknowledge the statement. Counsel for the appellant objected to this testimony on the ground it was inadmissible hearsay. The trial judge overruled the objection, holding that it was a tacit admission by the appellant due to the fact that he failed to deny that he had the cigarettes for sale when the statement was mde. Such a failure to deny serves as an adoption of the statement in certain circumstances.

The Uniform Rules of Evidence, Rule 801 (d) (2) (ii), Ark. Stat. Ann. § 28-1001 (Repl. 1979), provides that a statement is not hearsay if the statement is offered against a party and is a statement in which that party has manifested a belief in its truth. *Wilson* v. *City of Pine Bluff,* 6 Ark. App. 286, 641 S.W.2d 33 (1982). This principle has been recognized in Arkansas prior to the adoption of the Uniform Rules of Evidence. *See Burford* v. *State,* 242 Ark. 377, 413 S.W.2d 670 (1967); *Moore* v. *State,* 151 Ark. 515, 236 S.W. 846 (1922). Before hearsay evidence of an implied admission can fit within this exception, it must have been shown that the accused heard the statement, that he understood it, and that he failed to deny it. *Kagen and Tibbett* v. *State,* 232 Ark. 189, 334 S.W.2d 865 (1960).

In *Wilson* v. *City of Pine Bluff,* we said:

The sole question in determining whether statements made by another person are admissible against a party as an admission by silence or acquiescence is whether a reasonable person, under the circumstances, would naturally have been expected to deny them, if the statements were untrue. Some of the factors which should be considered in determining whether a party has impliedly admitted the statements are:

(1)   The statement must have been heard by the party against whom it is offered;

(2)   it must have been understood by him;

(3)   the subject matter must have been within his personal knowledge;

(4)   he must have been physically and psychologically able to speak;

(5)   the speaker or his relationship to the party or event must be such as to reasonably expect a denial; and

(6)   the statement itself must be such that, if untrue, under the circumstances, it would have been denied.

Other factors besides these may need to be considered, depending on the facts of a particular case. See, 4 J. Wigmore, Evidence § 1071-1073 (Chadbourn rev. 1972); C. McCormick, The Law of Evidence § 270 (2d ed. 1972).

In the case at bar, the testimony indicated the appellant was present, and was standing within four feet of the person making the statement. Further, the appellant failed to object to the statement or otherwise deny that he was attempting to sell the cigarettes. On these facts, adequate foundational facts were presented to the trial court so as to render the statements admissible. The trier of fact could reasonably infer that the appellant heard and understood the statements, and that, had the statements been untrue, he would have responded with either a denial or an explanation.

Affirmed.

CLONINGER and CORBIN, JJ., agree.