The Honorable Toni Bradford State Representative
8410 Wildcat Drive Pine Bluff, Arkansas 71603-9112 Dear Representative Bradford:
I am writing in response to your request for an opinion on the following questions:
 Under the Arkansas Residential Landlord-Tenant Act [of 2007, A.C.A. §§ 18-17-101 to-913 (Supp. 2009) (the "Landlord-Tenant Act")], can a police officer arrest a person for criminal trespass who is not on a written lease or rental agreement and refuses to leave when the person listed on the lease or rental agreement tells them to? Does it make a difference if the person being asked to leave has paid bills, part of the rent, etc.? What if there is no written lease but only an oral one? What if the person is a grown child being told to leave a residence owned by the parents and refuses to? Can that child be arrested for criminal trespass if they refuse to do so?
I note at the outset that nothing in the Landlord-Tenant Act expressly, or in my opinion implicitly, changes the answers to your questions that would have been reached under prior law.
The criminal trespass statute provides that "[a] person commits criminal trespass if he or she purposely enters or remains unlawfully in or upon . . . [t]he premises of another person." A.C.A. § 5-39-203 (Repl. 2006).
Each of your first three questions indicates or implies that a lease or rental agreement, written or oral, is in effect with respect to the premises at issue but that the person being asked to leave is not a party to the agreement. I assume these *Page 2 
questions are based on the premise, then, that the person is not currently a tenant. A tenant's presence would, of course, be lawful. I further conclude from the language of the questions, and I assume for purposes of this opinion, that the person at issue in your first three questions is not a holdover tenant.[1] I assume instead that the person is a licensee whose license to be present has expired or been revoked. A licensee is a person who goes on another's premises, with the other's consent, for his own purposes, including social purposes. See, e.g., Heigle v. Miller,332 Ark. 315, 965 S.W.2d 116 (1998); Bader v. Lawson,320 Ark. 561, 898 S.W.2d 40 (1995). I believe the assumption that the person at issue was a licensee is most consistent with the facts stated in your questions.
I understand your fourth question[2] to present a situation where the residence is occupied by the owners thereof (i.e., the parents), and therefore to involve no lease or rental agreement at all. Instead I assume that the adult child described in your question is also a licensee whose license to be present has expired or been revoked.
With respect to each of your questions, I also assume that there are no significant additional facts or circumstances known to the officer considering an arrest that are inconsistent with those stated in your questions or assumed herein. You should note that the conclusions of this opinion are limited to the facts stated or assumed herein and that different facts and circumstances might require different conclusions.
Each of your questions addresses an officer's authority to makean arrest, presumably without an arrest warrant, rather than a person's liability for conviction under the criminal trespass statute. In that regard, please note that the following provisions of Arkansas law apply to all of your questions. Under Arkansas law, "[a] certified law enforcement officer may make an arrest . . . [w]ithout a warrant, where a public offense[3] is committed in his or her presence. . . ." A.C.A. § 16-81-106(b)(2)(A) (Supp. 2009). "A law enforcement officer may arrest a person without a warrant if . . . the officer has reasonable cause *Page 3 
to believe that such person has committed any violation of law in the officer's presence. . . ." Ark. R. Crim. Proc. 4.1(a)(iii). Under the facts of your questions and the elements of the statute, then, the officer must have reasonable cause to believe that the person, acting purposely, is on the premises of another person without permission or other legal justification.
An officer will have reasonable cause to believe a violation has been committed "where facts and circumstances, within the arresting officer's knowledge and of which he has reasonably trustworthy information, are sufficient within themselves to warrant a man of reasonable caution to believe that an offense has been committed by the person to be arrested." Champlin v. State,98 Ark. App. 305, 313, 254 S.W.3d 780 (2007). Proof sufficient to constitute reasonable cause to arrest without a warrant is not necessarily as extensive or convincing as the proof required to sustain a conviction. See id.
In my opinion, the person described in your first question is subject to valid arrest under the criminal trespass statute. InWilson v. City of Pine Bluff,6 Ark. App. 286, 641 S.W.2d 33, cert. denied278 Ark. 65, 643 S.W.2d 569 (1982), the only evidence presented was testimony that a man and a woman were in a house; that the woman claimed to live in the house and stated that she wanted the man to leave; and that the man, making no possessory or ownership claim to the premises, refused to leave. Officers arrested the man on the spot, and the court affirmed his conviction of criminal trespass. Although the appeal hinged on the admissibility of certain evidence rather than the sufficiency of the evidence to prove the elements of the offense, the paucity of the facts presented demonstrates that purposeful and unauthorized presence on property not claimed to be one's own is sufficient to establish reasonable cause for arrest and liability under the statute.
The person described in your second question is also, in my opinion, subject to valid arrest under the criminal trespass statute, under the same reasoning given in response to your first question. It should be noted, again, that my reasoning includes the assumption that the person at issue was a licensee. The fact that the person has paid parts of the costs of occupancy does not, in and of itself, mean that the person has any status on the land superior to that of a former licensee.
Your third question states that an oral lease, rather than a written one, is in place. It is my assumption, again, that the person at issue is not a party to whatever lease exists, oral or written, and was a mere licensee whose license to be present has *Page 4 
expired or been revoked. In considering what effect, if any, an oral lease has on the situation, it might be noted that no written evidence of ownership or possession was produced in Wilson; indeed, no evidence of an oral lease was produced. The conviction was sustained on the bare testimony that the woman claimed to live in the house. In my opinion, therefore, the person described in your third question is subject to valid arrest under the criminal trespass statute.
Your fourth question presents a situation substantially similar to a question that arose in a reported Arkansas case. In Yocum v.State, 325 Ark. 180, 925 S.W.2d 385 (1996), the appellant was arrested in his mother's home, at her request. The appellant was armed, drunk and unconscious. His mother appeared "scared and very upset because [the appellant] had been violent toward her."Id. at 189. The appellant was arrested, without a warrant, for public intoxication, but charged instead with weapons offenses. He argued that certain evidence should have been suppressed because officers had no basis to arrest him for public intoxication in a private home. The court rejected the argument, citing the rule that "an arrest shall not be deemed to have been made on insufficient cause . . . solely on the ground that the officer . . . is unable to determine the particular offense which may have been committed." Id. at 188 (quoting Ark. R. Crim. Proc. 4.1(c)). The court held instead that the officer had reasonable cause to make an arrest for criminal trespass "for remaining unlawfully on his mother's premises." Id. at 189. It is my opinion, then, on the facts presented in your fourth question, that the officer may validly arrest the adult child for criminal trespass.[4]
A person charged with criminal trespass in a situation like that described in any of your questions might argue that the rule stated in Williams v. City of Pine Bluff,supra note 1, is applicable to preclude liability under the criminal trespass statute, *Page 5 
notwithstanding the person's status as a licensee rather than a holdover tenant. The court in Williams stated that "[t]here is no doubt but that this court has previously considered the criminal trespass statute to require an illegal entry and such entry to constitute the criminal offense." Id. at 554-555. This language suggests that a court following the rationale ofWilliams would refuse to apply the criminal trespass statute to a licensee whose license had expired or been revoked, because a licensee's entry onto premises is by definition lawful.
I believe this argument would fail. As the court inWilliams noted, there are other, and more specific, statutes imposing criminal liability upon holdover tenants. Those statutes, codified at A.C.A. § 18-16-101 (Repl. 2003) and A.C.A. § 18-60-304 (Supp 2009), specifically apply to landlord-tenant relationships. There is, on the other hand, no statute of which I am aware, other than the criminal trespass statute, imposing similar liability upon a licensee whose license has expired or been revoked. The court in Williams
characterized its holding as being that "the criminal trespass statute does not apply in landlord cases." Williams,284 Ark. at 555. The court in Williams did not attempt to distinguish Wilson v. City of Pine Bluff, supra, decided less than three years earlier, likely because the Williams
court did not believe it was establishing a rule applying in all cases where initial entry onto the land had or may have been lawful. Finally, the court in Yocum v. State, supra, did not cite Williams or otherwise suggest that theWilliams holding might apply to a non-tenant.
Assistant Attorney General J. M. Barker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JMB/cyh
[1] The Supreme Court of Arkansas has held that a holdover tenant is not liable under the criminal trespass statute. Williams v.City of Pine Bluff, 284 Ark. 551, 683 S.W.2d 923 (1985).
[2] I read your fifth question to be a restatement of your fourth question and do not address it separately.
[3] "`A public offense is any act or omission for which the law has prescribed a punishment.'" State v. Hurlock,185 Ark. 807 at 809, 49 S.W.2d 611 (1932) (quoting C. M. Dig., § 2294 (no longer codified)).
[4] My answer is based on the assumption that the parent has no obligation to support the adult child. Under Arkansas law, a parent's legal obligation to support a child, which includes a duty to provide a place to live, generally ceases when the child becomes an adult at age 18. See Towery v. Towery,285 Ark. 113, 685 S.W.2d 155 (1985); Evans v. Evans,263 Ark. 291, 564 S.W.2d 505 (1978). There are, however, exceptions to the general rule. A contract to support a child past the age of majority is normally enforceable. See Van Camp v. Van Camp,333 Ark. 320, 969 S.W.2d 184 (1998). A parent may be legally required to provide support for a disabled adult child whose disability arose before the child reached the age of majority.See, e.g., Elkins v. Elkins, 262 Ark. 63, 553 S.W.2d 34 (1976);Petty v. Petty, 252 Ark. 1032, 482 S.W.2d 119 (1972). In one case the court, emphasizing the flexibility of the rule, continued the support obligation for a short time past the age of majority, until the non-disabled child completed high school. SeeMatthews v. Matthews, 245 Ark. 1, 430 S.W.2d 864 (1968).
 *Page 1